No. 86-462

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

MICHAEL J. BELL and LINDA L. BELL,

       Plaintiffs and Respondents,

  vs

KANNON C. RICHARDS and MARJORIE P. RICHARDS,

       Defendants and Appellants.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        JOCK B. WEST, Billings, Montana

    For Respondent:

        MATOVICH, ADDY and KELLER; John K. Addy,
        Billings, Montana

_____

Submitted on Briefs: June 18, 1987

Decided:    August 26, 1987

Filed: AUG 26 1987

*Ethel M. Harrison*

_____

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District, Yellowstone County, Montana, from an order denying defendants' motion to amend findings of fact, conclusions of law and judgment.

We reverse and remand.

The sole issue before this Court is whether the District Court erred in dismissing the defendants' motion to amend findings of fact, conclusions of law and judgment to allow attorneys fees.

The parties in this case were involved in a contractual sale of land which the plaintiffs purchased from the defendants as an intended homesite. Upon preparation to obtain necessary permission from governmental authorities to build a house on the land, the plaintiffs discovered that the water table level was too near the surface of the ground to permit construction of a water supply or sewage disposal. To rectify the problem, the plaintiffs would have to bring in fill material, let it sit undisturbed for two years and then have the land retested. There was no assurance, even then, that the requisite permission to build would be granted.

The plaintiffs filed suit against the defendants claiming that they knew, or should have known, about the building restrictions on the land at the time of the sale. The plaintiffs allege further that due to this knowledge and knowledge of their intention to use the land as a homesite, plaintiffs should be excused from performance of their obligations under the contract and be reimbursed for amounts already paid to the defendants.

The original contract contained a provision which stated:

> Buyer has made an independent investigation of the above mentioned property and has entered into this Agreement placing full reliance upon such independent investigation and it is understood and agreed that there are no representations or warranties other than those herein expressed on the part of the Seller.

and another which stated:

> In the event that either party may institute legal action for the enforcement of any right, obligation, provision or covenant of this Agreement, the prevailing party shall be entitled to a reasonable attorney's fee in addition to costs of suit. In addition, Seller shall be entitled to their reasonable attorney's fee in the event Seller has to furnish a default notice to Buyer.

The District Court dismissed plaintiffs' complaint with prejudice and awarded defendants "costs incurred."

The defendants moved the court to amend its findings of fact, conclusions of law and judgment pursuant to Rules 52(b) and 59(a), M.R.Civ.P. to include attorney fees. This motion was denied on the basis that: (1) defendants abandoned their claim for attorney fees by neglecting to state a claim for them in their pretrial order and (2) because no evidence relative to fees was introduced during trial and therefore cannot be added as a post-trial issue.

Rule 16, M.R.Civ.P., relating to pretrial procedures is a permissive, not a mandatory rule. Lenz v. Mehrens (1967), 149 Mont. 394, 397, 427 P.2d 297, 298.

One of the purposes of pretrial conferences is to "substantially reduce the danger of surprise at trial." 6

3

Wright & Miller, Federal Practice and Procedure: Civil, § 1522, at 566.

Rule 16(e), M.R.Civ.P., states that after a pretrial conference, a pretrial order "shall control the subsequent course of the action unless modified by a subsequent order. The order following final pretrial conference shall be modified only to prevent manifest injustice."

> A pretrial order, however, should be liberally construed to permit any issues at trial that are "embraced within its language." United States v. First National Bank of Circle (9th Cir. 1981), 652 F.2d 882, 886-87.

Miller v. Safeco Title Ins. (9th Cir. 1985), 758 F.2d 364, 368.

This Court held in Northwestern Union Trust Co. v. Worm (Mont. 1983), 663 P.2d 325, 327-28, 40 St.Rep. 758, 761-62, that Rule 15(b), M.R.Civ.P., buffers the application of the language in Rule 16.

> Rule 15(b), states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

4

In the present case, attorney fees were contractually agreed to by the parties. The issue of whether they should be awarded is not one which would have been argued at trial. It cannot be claimed that there would be any surprise, inadequate opportunity for discovery or a lack of preparation which could unfairly prejudice the plaintiffs by awarding attorney fees to the defendants. Both parties anticipated an award of attorney fees if they prevailed in court, so neither party argued the issue at trial.

Under § 28-3-704, MCA, contractual rights to attorney fees are reciprocal when the party from whom one is requesting fees has an express right to attorney fees. Lasar v. Bechtel Power v. Oftedal (Mont. 1986), 727 P.2d 526, 528, 43 St.Rep. 1938, 1941.

Section 28-3-704, MCA, states:

> Whenever, by virtue of the provisions of any contract or obligation in the nature of a contract made and entered into at any time after July 1, 1971, one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees and the prevailing party in any such action, whether by virtue of the express contractual right or by virtue of this section, shall be entitled to recover his reasonable attorney fees from the losing party or parties.

It is clear from the language contained in the parties' contract that they intended for attorney fees to be awarded to the successful party in the event of a lawsuit. This right to attorney fees was claimed on the Bells' complaint, the Richards' answer and counterclaim and on the pretrial order, under "plaintiffs' contentions," and under "issues of

5

fact." Under "issues of fact" on the pretrial order, issue no. 8 stated: "The extent of attorneys' fees incurred by the plaintiffs/defendants."

The defendants did not abandon their right to attorney fees by failing to mention the issue under "defendants' contentions" on the pretrial order. The right is reciprocal. Presumably, since the plaintiffs mentioned the issue in the pretrial order, if they had been successful in the lawsuit, they would have been awarded attorney fees and costs. The plaintiffs had a contractual right to attorney fees, and pursuant to § 28-3-704, MCA, so do the defendants.

The District Court reasoned further that, since there was no evidence introduced at trial with respect to attorney fees, to award attorney fees after a judgment was announced would amount to an issue being raised post-trial. However, the issue of attorney fees is <u>not</u> outside the court's record. The contract upon which the court relied in deciding the dispute is before the court as evidence. A provision of that contract clearly provides for attorney fees to the successful party in a lawsuit concerning the contract. Also, the issue of attorney fees was raised in two places on the pretrial order.

Reversed and remanded to the District Court to determine reasonable attorney fees and for judgment to appellants for such fees.

_____
Justice

We Concur:

_____
Chief Justice

6

John Conway Harrison,

John C. Sheehy

L. C. Gulbrandson,

Justices

7