No.  90-262

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

BERRY W. OTTERSEN, a/k/a
BERRY W. OTTERSON,

    Plaintiff and Respondent,

-vs-

WALLACE F. RUBICK, FLORENCE RUBICK,
LARRY F. LONG, PEGGY M. LONG, and
LYNNE GEIER a/k/a LYNN GEIER,

    Defendants and Appellants.

FILED

DEC 18 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James P. Healow, Esq.; Sweeney & Healow, Billings,
Montana

    For Respondent:

        Martin J. Elison, Esq.; Law Offices of Douglas Y.
Freeman, Hardin, Montana

Submitted on Briefs:  September 20, 1990

Decided:  December 18, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Defendants and appellants Wallace F. and Florence Rubick appeal the judgment awarded plaintiff and respondent Berry Ottersen following a non-jury trial in the District Court, Thirteenth Judicial District, Yellowstone County. We affirm.

The issues are:

1. Whether plaintiff creditor is barred from obtaining a deficiency judgment under the facts of this case when, although there was no notice of sale for a portion of the repossessed collateral, there were judicial proceedings and approval of sale for the balance of the collateral?

2. Was the finding of the District Court erroneous when it found that no foreclosure occurred and the plaintiff could pursue both termination and repossession and sue for the balance under the Sales Agreement?

3. Did plaintiff prevent performance of the Sales Agreement by defendants?

4. Did the District Court err when it considered matters not raised in the pretrial order?

On April 1, 1982, the plaintiff as seller, and defendants as buyers, entered into a Sales Agreement for the sale of a business known as "Berry's Tall Fashions." The defendants remained liable under the agreement but assigned their interest to Larry and Peggy Long and the Longs assigned to Lynne Geier. Geier filed bankruptcy in June, 1987. After Geier's last payment on the contract in May,

1987, the sum of $48,188.76 plus ten percent per annum interest remained outstanding. Default notices by certified mail were sent by plaintiff to defendants Rubicks and the other assignees on September 15, 1987. The default was not cured within thirty days of notice. Geier had an automatic stay in bankruptcy and the bankruptcy trustee assumed control over all assets of the business. Plaintiff received a key to the business premises from the trustee. The owner of the premises demanded that all personal property be removed since rental payments were not made. Plaintiff removed the inventory and stored most of it in her garage. The display cases were placed in commercial storage and sold at a private sale in November, 1987 without notice to the defendants. The cash obtained was placed in an interest bearing account at the disposal of the bankruptcy court.

The plaintiff asked the District Court in a February, 1988, complaint against defendants to: (1) establish plaintiff's security position in the collateral; (2) establish possession of the collateral; (3) order foreclosure of the collateral; and (4) grant judgment for the amount owed on the Sales Agreement less proceeds from the sale of collateral. In April, plaintiff moved the District Court for an order to allow sale of the inventory and fixtures held as collateral. A hearing on the motion was set for April 26, 1988. None of the defendants appeared at the hearing and the motion to allow the sale was granted. It appears that plaintiff's counsel sent a copy of the notice of sale to each of the defendants' attorneys on April 26, 1988. All of the money

3

obtained from the sale was placed in an interest bearing savings account by plaintiff. After a non-jury trial, plaintiff was awarded judgment, costs and attorney's fees and defendants appeal.

The first issue raised on appeal is whether plaintiff creditor is barred from obtaining a deficiency judgment under the facts of this case when, although there was no notice of sale for a portion of the repossessed collateral, there were judicial proceedings and approval of sale for the balance of the collateral. If a creditor forecloses on collateral pursuant to a note of indebtedness, commercially reasonable notice of sale must be sent to the debtor prior to disposition of the collateral or the creditor cannot obtain a deficiency judgment. Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 731 P.2d 327; Bank of Sheridan v. Devers (1985), 217 Mont. 173, 702 P.2d 1388; Wippert v. Blackfeet Tribe (1985), 215 Mont. 85, 695 P.2d 461; and Farmers State Bank v. Mobile Homes Unlimited (1979), 181 Mont. 342, 593 P.2d 734. These cases interpreted § 30-9-504(3), MCA.

> [E]very aspect of the disposition . . . must be commercially reasonable. [R]easonable notification . . . shall be sent by the secured party to the debtor. . . .

The statute refers to both duties in separate sentences and in mandatory language. Different interests are protected by the two requirements.

In an Ohio State Law Journal article, the author stated:

> [T]he purpose of commercial reasonableness is to set standards of propriety at the time of disposition of the collateral. Notice on the other hand was

included to insure that the debtor (and other secured parties) could protect his interest in the collateral itself after default and before disposition.

Note, <u>Denial of Deficiency: A Problem of Reasonable Notice Under UCC § 9-504(3)</u>, 34 Ohio St. L.J. 657, 666 (1973).

However, § 30-9-507(2), MCA, provides that a disposition which has been approved in any judicial proceeding shall conclusively be deemed to be commercially reasonable. Therefore, in this case the plaintiff should be able to avoid all controversy over the reasonableness of the disposition and the notice provided since she went to court prior to the disposition. Any objections about the manner of notice were met by complying with the provisions of the Montana Rules of Civil Procedure. There is also no question that defendants received a notice of default and notice of acceleration of the Sales Agreement.

The defendants introduced no evidence that the price obtained at court-approved sale was unreasonable. In Dulan v. Montana Nat. Bank of Roundup (1983), 203 Mont. 177, 661 P.2d 28, this Court stated:

> This Court interpreted these two sections of the UCC [§§ 30-9-504(3) and 30-9-507(2), MCA] in the <u>Talcott</u> case, supra. We held that the reasonableness of the sale is not determined by price but the <u>manner</u> in which the sale was conducted. In other words, if the sale is considered commercially reasonable then the price is reasonable.
>
> . . .
>
> Thus, in light of the above authority and the fact that "reasonable price" is the objective of a commercially reasonable disposition, we hold that a large

discrepancy in price can be considered within the parameters of section 30-9-504(3), MCA. We also conclude that the complaining party has the burden of proving the price received was less than the fair market value of the collateral. (Emphasis in original.)

Dulan, 661 P.2d at 32.

The disposition and sale of some display cases in November of 1987 prior to the initiation of court proceedings was clearly without notice required in § 30-9-504(3), MCA. Defendants contend that sale alone should bar the plaintiff from recovering a deficiency judgment. The fair market value of these display cases does not appear in evidence and the defendants introduced no evidence that the price obtained at the private sale was unreasonable. Defendant Rubick testified that he saw the display cases in the empty store but took no action.

It is clear in this case that the plaintiff did mitigate damages by terminating storage expenses and placing all proceeds in an interest bearing account. The defendants only suffered damages, if at all, in an amount equal to the difference between what the cases were worth and what they sold for. Section 30-9-507(1), MCA, provides an adequate remedy for sale of a minor portion of the collateral:

> If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by failure to comply with the provisions of this part. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus 10% of the principal amount of the debt or the time price

6

differential plus 10% of the cash price.

Farmers State Bank v. Mobile Homes Unlimited (1979), 181 Mont. 342, 347, 593 P.2d 734, 737, states:

> It is also generally held that a secured creditor's failure to give the notice required under U.C.C. § 9-504(3) (. . . section 30-9-504(3), MCA) prior to disposition of collateral precludes <u>or limits</u> the creditor's right to recover a deficiency judgment. (Emphasis added.)

This case indicates that this Court has recognized that a total bar of a deficiency judgment is not warranted in some cases.

The Montana cases: <u>Westmont Tractor Co.</u>; <u>Bank of Sheridan</u>; <u>Wippert</u>; and <u>Farmers State Bank</u>; supra, all indicate that notice requirements are mandatory for reasons which vary from case to case, but it is important to enable the debtor to protect his interest in the property by paying the debt or by being present at the sale to the end it not be sacrificed by a sale less than its true value. When a deficiency judgment is barred, it sometimes suggests that the creditor is proceeding with unclean hands or without good faith. This is completely absent in this case. Here the defendant Rubick, a sophisticated businessman who already had another court deny him a deficiency judgment, obviously thought he would do the same to a 71-year-old retired lady. In this case the fair market value of the display cases, even if different from the price obtained at the private sale, falls far short of the $48,000 due under the Sales Agreement and amounts to less than one-fifth of the total proceeds from sold collateral turned over to the District Court.

7

Defendants next contend that under the Sales Agreement plaintiff must elect to terminate and repossess, or sue for the balance due, but may not have both remedies. They argue that all of the plaintiff's actions were foreclosure actions barring recovery of the balance due on the contract. The District Court's finding of fact number 22 states:

> 22. The Court finds that the plaintiff did not intend to foreclose her security interest in the property, but rather elected to terminate the contract and demand payment in full on the unpaid balance, an option that she was entitled to under the terms of the Sales Agreement as well as under the terms of Section 30-9-501(1). While some terminology in some of the default notices as well as the pleadings seem to indicate a foreclosure of the security interest, the actions taken by the plaintiff are consistent with her election to reduce her claim to judgment. Furthermore, action, if any, to foreclose her security interest was not pursued to a conclusion.

In this case the contract between the parties does not limit or restrict the remedies of plaintiff upon default. Section 30-9-501(1) and (2) make it clear that the statement of rights and remedies of the Uniform Commercial Code do not exclude other remedies provided by agreement.

We hold that finding of fact number 22 is not clearly erroneous. There is substantial evidence in the record which supports the finding that no foreclosure occurred. "In the absence of a contractual provision expressly limiting the remedy or remedies available, a party may pursue any remedy which law or equity affords, as well as the remedies specified in the contract." Glacier Campground v. Wild Rivers, Inc. (1978), 182 Mont. 389, 403, 597 P.2d 689, 696.

8

The third issue on appeal is whether Ottersen prevented performance of the Sales Agreement by Rubicks. Rubicks argue that by Ottersen allowing Geier to run the store into default and removing the merchandise from the store before the Rubicks had a chance to run the business, she removed the Rubicks' chance to perform. Defendant Rubick has failed to meet that requisite burden of proof in the District Court. The burden of proving it was not possible to perform falls upon the Rubicks. Ehly v. Cady (1984), 212 Mont. 82, 687 P.2d 687.

The last issue raised by appellants is whether the District Court erred when it considered matters not raised in the pretrial order.

Rule 16, M.R.Civ.P. relating to pretrial procedures is a permissive not mandatory rule. Bell v. Richards (1987), 228 Mont. 215, 217, 741 P.2d 788, 790. "A pretrial order . . . should be liberally construed to permit any issues at trial that are 'embraced within its language.'" (Citation omitted.) Bell at 217, 741 P.2d at 790. Furthermore, all of the legal issues considered by the District Court, if not set forth specifically in the pretrial order, were argued in the briefs presented to the court. We hold that there was no error.

Affirmed.

_____
Justice

9

We concur:

_John Conway Harrison_

_John C. Sheehy_

_____

Justices

Justice R. C. McDonough dissenting.

I dissent. This case involves the Disposition of Collateral after default under the U.C.C. Such disposition is governed by statute, § 30-9-504(3)(a), MCA, which clearly provides: ". . . reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . ." This section provides that disposition of collateral must be commercially reasonable. The burden of proof as to whether or not a disposition is commercially reasonable is on the secured party. It is generally held that a "secured creditor's failure to give the notice required [now under § 30-9-504(3), MCA] prior to disposition of collateral precludes or limits the creditor's right to recover a deficiency judgment. Annot. 59 ALR 3rd 401." See Farmers State Bank v. Mobil Homes Unlimited (1979), 181 Mont. 342, 374, 593 P.2d 734, 737.

In the case of Wippert v. Blackfeet Tr. of Blackfeet Ind. Res. (1985), 215 Mont. 85, 695 P.2d 461, the secured party, after default of the debtor, sent a letter informing the debtor of its intent to foreclose and apply the proceeds to the loan. The secured party failed to state the time or place of the proposed sale. The collateral (cattle) was later sold at public auction for less than the indebtedness. The Court stated:

> This letter fails to satisfy the notice requirements of either the U.C.C. or the security agreement. There is no mention of either the time or place of sale, and without that information a debtor is precluded from taking action to assure that a competitive price is obtained for his collateral at a public sale.

11

We hold that failure to provide the notice required by section 30-9-504(3), MCA, precludes a creditor's right to obtain a deficiency judgment.

Wippert, 695 P.2d at 465.

In Bank of Sheridan v. Devers, 217 Mont. 173, 702 P.2d 1288, the secured party sent notice of the sale of the collateral to the debtor, but the date of sale therein was wrong. This Court held that the secured party failed to give the debtor commercially reasonable notice of the sale of the collateral and therefore the bank was precluded from recovery of any deficiency judgment.

In Westmont Tractor v. Continental I, Inc. (1986), 224 Mont. 516, 731 P.2d 327, one of two debtors agreed with secured party as to how collateral would be sold. The collateral was sold accordingly and no notice of agreement or sale was ever given to the other debtor. The Court held that failure of the secured party to provide notice of sale bars a deficiency judgment against the other debtor. Westmont Tractor, 731 P.2d 331.

In this case the collateral was fixtures and inventory of a store. The secured creditor sold the display cases without any notice whatsoever to the appellant debtor. The judicial proceedings cannot be relied upon as to the other property because the motion to sell the balance of the collateral noted that the sale would occur upon notice to the defendants and the court's order allowing sale stated that sales are to be conducted by the respondent upon notice being given. The notice allegedly given is not part of the record and did not comply with the parties' agreement nor did it comply with the statutory law and the District

12

Court did not find in its findings that proper notice of sale was given.

As set forth above every aspect of the disposition must be commercially reasonable. Here there was a failure of any proper notice. Whether or not a notification is reasonable as to time and place as set forth by the statute is one thing, but where no proper notice is given at all, the question of reasonableness is not even reached. This case has been essentially decided on equitable ad hoc grounds by the District Court and this Court. One wonders what the decision would be under these same facts if the creditor was a large financial institution and the debtor was a little grey haired grandmother who co-signed her grandchild's or child's note and security agreement and the institution was seeking a deficiency judgment against her.

_____
Justice

Chief Justice J.A. Turnage and Justice Wm. E. Hunt, Sr., concur in the foregoing dissent.

_____
Chief Justice

_____
Justice