No. 91-445

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

NAFTCO LEASING LIMITED
PARTNERSHIP 301, et al.,

       Plaintiffs and Appellants,

-vs-

FINALCO, INCORPORATED,
a Delaware corp.,

       Defendant and Respondent.

FILED

JUL 27 1992

Ed S......
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Stephen D. Bell and Robert L. Sterup, Dorsey &
          Whitney, Billings, Montana

      For Respondent:

          Paul D. Miller and Kyle Anne Gray, Holland & Hart,
          Billings, Montana

---

Submitted on Briefs:  April 15, 1992

Decided:  July 27, 1992

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Naftco Leasing Limited Partnerships numbered 301, 302, 303, 304, and 305, and Moorhead Leasing Limited Partnership, (collectively referred to as plaintiffs) brought an action to reform lease contracts against defendant Finalco, Inc., in the Thirteenth Judicial District Court, Yellowstone County, Montana. The District Court found in favor of the defendant. Plaintiffs appeal. We affirm in part and reverse in part.

The dispositive issues in this case are restated as follows:

1. Did the District Court correctly conclude that plaintiffs' action was barred by the statute of limitations?

2. Did the District Court properly award attorney fees to Finalco?

In this action, plaintiffs seek to reform a number of lease contracts executed with the defendant covering computer equipment. We will summarize the facts involved in this rather complex series of transactions.

In 1983, defendant, Finalco purchased approximately $22 million worth of computer equipment and leased such equipment to various parties under written lease agreements, which are herein called end user leases. The terms of these leases varied but were not longer than 60 months.

Defendant then sold the computer equipment to Lease-Pro, Inc., a corporate intermediary owned by Gerald DuBois and Dean Schennum. Lease-Pro in turn sold the computer equipment, subject to the end user leases, to the six plaintiff limited partnerships which leased

2

the equipment back to Finalco.

Also during 1983, Gerald DuBois and Dean Schennum were marketing interests in the six plaintiff limited partnerships to various investors as tax shelters. Naftco Leasing, Inc., owned by DuBois and Schennum, was one of two general partners in all five of the Naftco limited partnerships, and also acted as the managing agent for Moorhead Leasing Limited Partnership, the sixth plaintiff. Either Gerald DuBois or Dean Schennum were also general partners in each of the Naftco limited partnerships.

During 1983, the plaintiffs entered into extensive negotiations on the terms of lease back contracts to be executed between the plaintiffs and the defendant. The terms of the lease back contracts were to be 96 months in length. The amounts of the "residual rentals" were key parts of the lease negotiations. "Residual rentals" were those lease amounts to be received by the defendant from business consumers after the expiration of the original end user leases, and prior to the end of the 96 month term of the lease back contracts. The distributions of such residual rentals by the defendant to the plaintiffs during the first 60 months of the lease back contracts are the subjects of this suit.

In December 1983, the plaintiffs, through their agent, Larry Hoffman, president of Naftco Leasing, Inc., executed the various lease agreements with the defendant. Those agreements provided that the defendant was entitled to 85 percent of the residual rentals and the plaintiffs were entitled to 15 percent of the residual rentals during the first 60 months of the lease

3

agreements. After the first 60 months, the agreements provided that the plaintiffs would receive 75 percent of such residual rentals and the defendant would receive 25 percent of the residual rental income. Plaintiffs seek to reform the contracts based upon mistake, contending the parties agreed to share the original residual rentals on the following basis: 75 percent to the plaintiffs and 25 percent to the defendant during the first 60 months of each of the leases. The District Court found in favor of the defendant by concluding that the plaintiffs failed to prove mistake. The District Court further held that the statute of limitations contained in § 27-2-203, MCA, barred the plaintiffs from bringing their action. Finally, the District Court awarded the defendant attorney fees. The plaintiffs appeal these determinations.

I

Did the District Court properly conclude that the statute of limitations barred the plaintiffs' action?

In 1983, the plaintiffs purchased over $22.6 million worth of computer equipment from the defendant. The lease contracts in connection with such purchases were executed by the parties in December 1983. Plaintiffs filed the present action to reform the lease agreements based upon mistake in January 1988. In substance, plaintiffs contend that the 21 lease agreements involved in this transaction were so lengthy that they failed to verify the percentages pertaining to the residual rentals when signing the agreements. The District Court concluded that the claims of the

4

plaintiffs were barred by the statute of limitations. We agree.

In a similar action, purchasers brought an action to reform or rescind a property contract based on mistake. D'Agostino v. Swanson (1990), 240 Mont. 435, 784 P.2d 919. In that case we held that where the purpose of the action was to modify the agreement rather than enforce the agreement, the applicable statute of limitations is § 27-2-203, MCA. D'Agostino, 240 Mont. at 442, 784 P.2d at 923.

Section 27-2-203, MCA, provides:

> The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

Thus, the two year limitations period begins to run when the party bringing the action discovered the mistake or in the exercise of ordinary diligence would have discovered the mistake. D'Agostino, 240 Mont. at 443, 784 P.2d at 924.

Here the District Court found that the statute of limitations started to run by no later than October 1985. Accordingly, the limitations period in this action ran by October 1987, prior to Naftco's initiation of this suit. This Court will not disturb the findings of the District Court unless those findings are clearly erroneous. Rule 52(a), M.R.Civ.P.

The plaintiffs do not dispute that the present residual rental distribution percentages were clearly delineated in the lease agreements signed by Mr. Hoffman as agent for the plaintiffs in December 1983. In the same way, such distribution percentages

5

again were listed in a December 30, 1983 acceptance letter from defendant to the plaintiffs which was signed and returned by Mr. Hoffman. Further, the District Court found that the percentages set forth in the contracts were clearly set forth in at least eleven separate pieces of correspondence received by the plaintiffs during the period July 5, 1984, through October 17, 1985. These included an October 3, 1985 letter signed for by Mr. DuBois.

The District Court found that Mr. DuBois and Mr. Hoffman, both officers of Naftco Leasing, had notice of the percentages listed in the contracts, and therefore had notice of the alleged discrepancy in the residual rental income distribution by no later than October 1985. After our review of the record, we conclude that the District Court was not clearly erroneous in ruling that by the use of ordinary diligence plaintiffs should have discovered the alleged mistakes by no later than October 1985.

Plaintiffs next contend that the eight year statute of limitations under § 27-2-202(1), MCA, should be applied rather than the two year statute of limitations. We conclude that as was true in D'Agostino, mutual mistake is the essence of the action and not contract enforcement. As a result, § 27-2-203, MCA, governs this action. D'Agostino 240 Mont. at 442, 784 P.2d at 923. We also do not accept plaintiffs' contentions that the statute of limitations should be tolled until plaintiffs' right to receive the payments had arisen.

We hold that the District Court properly concluded that the statute of limitations barred the actions on the part of the

6

plaintiffs.

II

Did the District Court properly award attorney fees to defendant?

In this case, Finalco failed to list attorney fees in the pretrial order. Accordingly, plaintiffs contend the District Court improperly granted defendant's motion to amend the final judgment to include attorney fees. Plaintiffs contend that under Rule 16, M.R.Civ.P., the pretrial order controls the course of the action, and in this case, the defendant waived its right to recover attorney fees by omitting the issue from the pretrial order.

Rule 16(e) M.R.Civ.P. provides:

> After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice.

Although both parties raised the issue of attorney fees in the pleadings, neither side raised the issue of attorney fees in the final pretrial order. Finalco admits it failed to include the issue of attorney fees in its pretrial order; however, it contends that the District Court properly amended the judgment and awarded attorney fees under this Court's holding in Bell v. Richards (1987), 228 Mont. 215, 741 P.2d 788.

In that case, the defendants in a contract action failed to list attorney fees under "defendant's contentions" in the pretrial order. There, this Court reversed a district court's order denying the defendant's posttrial motion to amend the judgment to include

7

attorney fees. The <u>Bell</u> contract, set forth the following language:

> In the event that either party may institute legal action for the enforcement of any right, obligation, provision or covenant of this Agreement, the prevailing party shall be entitled to a reasonable attorney's fee in addition to costs of suit. In addition, Seller shall be entitled to their reasonable attorney's fee in the event Seller has to furnish a default notice to Buyer.

228 Mont. at 217, 741 P.2d at 789. In <u>Bell</u>, both parties claimed attorney fees in the pleadings. Further, the plaintiffs in <u>Bell</u> included a right to attorney fees under the "plaintiff's contentions" in the pretrial order. In addition, that final pretrial order presented the amount of fees to award to the prevailing party as an issue of fact to be decided at trial. 228 Mont. at 219, 741 P.2d at 791.

The Court in <u>Bell</u> reversed the District Court and remanded for determination of reasonable attorney fees for the defendants, stating as follows:

> The defendants did not abandon their right to attorney fees by failing to mention the issue under "defendants' contentions" on the pretrial order. The right is reciprocal. Presumably, since the plaintiffs mentioned the issue in the pretrial order, if they had been successful in the lawsuit, they would have been awarded attorney fees and costs. The plaintiffs had a contractual right to attorney fees, and pursuant to Section 28-3-704, MCA, so do the defendants.
> The District Court reasoned further that, since there was no evidence introduced at trial with respect to attorney fees, to award attorney fees after a judgment was announced would amount to an issue being raised post-trial. However, the issue of attorney fees is not outside the court's record. The contract upon which the court relied in deciding the dispute is before the court as evidence. A provision of that contract clearly provides for attorney fees to the successful party in a lawsuit concerning the contract. Also, the issue of attorney fees was raised in two places on the pretrial

8

order.

228 Mont. at 219, 741 P.2d at 791.

Similarly, in this action, both parties claimed attorney fees in the pleadings. However, here the final pretrial order did not include any reference to attorney fees. Attorney fees were neither listed as a contention of the plaintiff nor was the amount to be awarded the prevailing party listed as a fact to be determined at trial. Further, here, the lease contracts between Naftco and Finalco failed to include a provision awarding attorney fees to the prevailing party on any action to enforce the leases. The contracts provided as follows: "Lessee shall . . . remain liable for costs and expenses incurred by lessor arising from such event of default or termination including without limitation reasonable attorneys' fees. . . "

In this case, as in Bell, no evidence was introduced on the issue of attorney fees during trial. Contrary to the facts in Bell, here the issue of attorney fees is not derived from the contract language itself, but is rather derived exclusively from § 28-3-704, MCA, Montana's reciprocal attorney fees statute. Since Finalco's attorney fees are not recoverable under the contract language, and no evidence was presented on this issue at trial; failure to raise the issue of attorney fees in the pretrial order placed this issue outside the record of the District Court.

Since the facts in Bell are not comparable to this case, Bell is not authority for allowing the defendant to collect attorney fees in the present case. We conclude that the District Court

9

improperly granted defendant's motion to amend the judgment.

We hold the District Court improperly awarded attorney fees to the defendant.

Affirmed in part and reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

July 27, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Stephen D. Bell and Robert L. Sterup
Dorsey & Whitney
P.O. Box 7188
Billings, MT  59103

Paul D. Miller and Kyle Anne Gray
Holland & Hart
175 No. 27th St., Ste. 1400
Billings, MT  59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
      Deputy