No. 96-294

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

ARNIE HOVE,

       Plaintiff, Respondent
          and Cross-Appellant,

  v.

CLINTON MULLIN, JR.; MULLIN TRUCKING, INC.,
a Montana Corporation; A & C SOARING EAGLE
TRUCKING, INC., a Montana Corporation;
CLINTON MULLIN, SR., and MONA MULLIN,

       Defendants and Appellants.



FILED

JAN 23 1997

_____ Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Richland,
               The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          James L. Norris, Attorney at Law, Bismarck,
          North Dakota

      For Respondent:

          Mark D. Parker, Attorney at Law, Billings,
          Montana

Submitted on Briefs: November 21, 1996

Decided: January 23, 1997

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Clinton Mullin, Jr. (Clint Jr.), Mullin Trucking, Inc. (Mullin Trucking), A & C Soaring Eagle Trucking, Inc. (A & C), Clinton Mullin, Sr. (Clint Sr.) and Mona Mullin (Mona) (collectively, the defendants) appeal from the judgment entered by the Seventh Judicial District Court, Richland County, on its Findings of Fact, Conclusions of Law and Judgment and from the court's earlier grant of summary judgment to Arnie A. Hove (Hove) on two of their counterclaims. We affirm on the appeal.

Hove cross-appeals from the judgment entered on the District Court's Findings of Fact, Conclusions of Law and Judgment. We affirm in part, reverse in part and remand on the cross-appeal.

The defendants raise the following issues on appeal:

1. Did the District Court err in granting Hove's motion for summary judgment on two of the defendants' counterclaims?

2. Did the District Court err in its Findings of Fact and Conclusions of Law?

Hove raises the following issues on cross-appeal:

3. Is Hove entitled to treble damages?

4. Did the District Court abuse its discretion in failing to

2

award Hove attorney fees pursuant to the premises lease?

5. Did the District Court err in awarding Mullin Trucking damages for Hove's cancellation of the truck lease?

This case arose out of certain business dealings between Hove, a Montana attorney, and the defendants. It began in March of 1994, when Hove filed a complaint for possession and defaulted lease amounts. In his complaint, Hove alleged that he owned certain real property (the premises) in Richland County, Montana, for the use of which he and Mullin Trucking had entered into a month-to-month lease for a 5-year period in May of 1993. According to the complaint, Mullin Trucking thereafter transferred its property and interests to A & C and/or Clint Sr. and Mona, all of whom came to occupy the leased premises as Mullin Trucking's successors and assigns.

The defendants allegedly defaulted on the rent, security deposit and taxes provisions of the lease over a nine-month period; Hove pleaded the total amount of the default at the time the complaint was filed as $14,379.01. Hove alleged that he had given the defendants notice to quit and that they were unlawfully detaining the premises. He prayed for a judgment of possession; rent, taxes and security deposit owed; costs incurred; and other proper relief.

In their amended answer, the defendants admitted that Mullin Trucking signed a document purporting to lease the premises, affirmatively alleged that only Mullin Trucking and A & C were occupying the premises, admitted that they had been served with notice to quit the premises on March 15, 1994, and denied most of

3

the rest of Hove's allegations. The defendants also alleged that Hove was the attorney for each of them at all pertinent times and asserted primarily legal malpractice counterclaims against him.

Hove filed an early motion for summary judgment relating to the defendants' counterclaims and the District Court denied it. Hove subsequently filed another motion for summary judgment--on different grounds--on all of the defendants' counterclaims. In pertinent part, the District Court granted summary judgment to Hove on Clint Jr.'s malpractice counterclaim which asserted that Hove breached his professional duty by informing law enforcement authorities that Clint Jr. might be in possession of stolen snowmobiles (the snowmobile claim). The court also granted Hove summary judgment on the counterclaim which asserted that Hove allowed a $148,000 judgment to be entered against Clint Jr. when the debt was only $80,000 (the First United Bank claim).

The parties conducted discovery and filed additional motions. An extensive pretrial order was filed, by which time the parties' contentions had been revised significantly.

The District Court held a bench trial on March 18 and 19, 1996, and, thereafter, filed its findings, conclusions and judgment. Briefly stated, the District Court's judgment awarded Hove $16,800 against Mullin Trucking for unpaid rent under the premises lease, awarded Mullin Trucking $14,988 against Hove for expenditures and expenses relating to Hove's cancellation of a truck lease, and determined that there was no prevailing party in the action and each party should bear its own costs. The court dismissed the parties' remaining claims. The defendants appeal and

4

Hove cross-appeals.

1. Did the District Court err in granting Hove's motion for summary judgment on two of the defendants' counterclaims?

STANDARD OF REVIEW

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review a district court's grant or denial of a motion for summary judgment de novo, using the same criteria used by that court. Jarrett v. Valley Park, Inc. (Mont. 1996), 922 P.2d 485, 487, 53 St.Rep. 671, 672 (citation omitted).

DISCUSSION

a. The snowmobile counterclaim

Clint Jr. asserted a legal malpractice counterclaim against Hove based on Rule 1.6(a), Montana Rules of Professional Conduct (M.R.Prof.C.), which prohibits a lawyer from revealing information relating to representation of a client unless the client consents. The essence of the counterclaim was that Hove breached this duty of confidentiality when he reported to law enforcement authorities in February of 1994 that he thought Clint Jr. was in possession of stolen snowmobiles.

In moving for summary judgment on this counterclaim, Hove submitted his affidavit stating that Clint Jr. had told many people the snowmobiles had been stolen in North Dakota, that he was not Clint Jr.'s attorney with regard to the snowmobile matter and that he had not advised Clint Jr. in that regard. Therefore, according

5

to Hove, he did not breach his Rule 1.6(a) duty of confidentiality as a matter of law.

The District Court relied on Clint Jr.'s deposition testimony in concluding that no breach of the duty of confidentiality occurred as a matter of law and in granting Hove's motion for summary judgment on that counterclaim. In his deposition, Clint Jr. testified that he did not seek Hove's legal advice with respect to the snowmobiles or any legal issues surrounding the snowmobiles. He also testified affirmatively that he never talked to Hove about the snowmobiles and did not confide anything he knew about the snowmobiles to Hove. We conclude, as did the District Court, that "there can be no violation of a confidence which did not exist."

Clint Jr. does not contend on appeal, and did not contend in the District Court, that his deposition testimony was mischaracterized or mistaken. Nor did he make any effort to correct or amend his deposition testimony in this regard.

Instead, Clint Jr. relies on the affidavit of attorney Steve Moses, the defendants' former counsel in this action who became their expert witness on the legal malpractice claims. With regard to the snowmobile claim, Moses made numerous statements of "fact" purportedly taken from affidavits filed by Hove in the criminal proceeding against Clint Jr. Hove allegedly stated in those affidavits that his actions regarding the snowmobiles arose from statements made to him by his clients. Moses opined that Hove's actions relating to the snowmobiles constituted a breach of the attorney-client privilege.

Clint Jr. cites to no authority under which an expert witness

6

can create a genuine issue of material fact at odds with the sworn factual statement of the real party in interest he represents on the core fact forming the basis for a malpractice claim. Nor are we aware of any such authority.

Moreover, Clint Jr. concedes that factual information in an affidavit submitted in support of, or opposition to, a motion for summary judgment must be admissible in evidence. See Rule 56(e), M.R.Civ.P.; Carelli v. Hall (Mont. 1996), 926 P.2d 756, 760, 53 St.Rep. 1116, 1117 (citation omitted). Notwithstanding Moses' affirmation that his affidavit was made on personal knowledge, it is clear from his reliance on the alleged Hove affidavits in the criminal proceeding that he did not have personal knowledge of Hove's actions which precipitated the snowmobile-related charges against Clint Jr. Thus, the Rule 56(e) requirement that an affidavit show affirmatively that the affiant is competent to testify to the matters stated was not met here. Nor were sworn or certified copies of the affidavits from the criminal proceeding to which Moses referred in his affidavit attached as required by Rule 56(e), M.R.Civ.P.

It is true, as Clint Jr. argues, that Rule 703, M.R.Evid., permits an expert's opinion to be based on facts "made known to the expert at or before the hearing," and that such facts "need not be admissible in evidence." The evidentiary rule facilitates the presentation of expert opinions; it does not, however, permit an expert witness, in the summary judgment context, to create a material factual issue on the basis of "facts" not otherwise admissible through his testimony. Here, Clint Jr.'s own deposition

7

testimony negated the fact of any confidence between himself and Hove regarding the snowmobiles and Moses' expert witness affidavit regarding a contrary "fact" was not admissible to create a genuine issue of fact.

We agree with the District Court's assessment that the present case presents the "curious situation" of Clint Jr. suing Hove for divulging confidential information which Clint Jr. swears he did not communicate to Hove. We hold that the District Court did not err in granting Hove's motion for summary judgment on the snowmobile counterclaim.

b. The First United Bank counterclaim

The District Court also granted summary judgment to Hove on a "counterclaim" relating to Hove's defense of Clint Jr. in a debt action against him by the First United Bank of Sidney. This counterclaim was not specifically pleaded by the defendants, but it and other general and vague references to legal malpractice were mentioned by Clint Jr. in his deposition in the context of Hove allegedly mishandling various matters for the Mullin defendants.

In moving for summary judgment on the First United Bank matter, Hove essentially contended that Clint Jr. had not come forward with anything concrete in the way of a counterclaim. In responding to the motion, counsel for the defendants relied primarily on Clint Jr.'s deposition statements that he hired Hove to handle his defense of a claim by First United Bank and that Hove "allowed" the Bank to obtain a judgment of $148,000 when Clint Jr. "did not believe" he owed that amount. Clint Jr. also relied again on the Moses affidavit.

8

As it had with regard to the snowmobile claim, the District Court focused on Clint Jr.'s deposition testimony. That testimony established that Clint Jr. was not seeking damages via counterclaim in the present case for Hove's actions or inactions with regard to the First United Bank case. When asked specifically, "So this lawsuit has nothing to do with the United Bank of Sidney case?" Clint Jr. responded "That's correct." While Clint Jr.'s counsel contended during the summary judgment proceedings that Clint Jr.'s deposition testimony was mistaken, counsel's arguments do not establish facts; nor did Clint Jr. submit an affidavit or otherwise attempt to correct any allegedly mistaken deposition testimony. We conclude, as did the District Court, that no evidence of record contradicts Clint Jr.'s sworn testimony that he was not pursuing a counterclaim in this case regarding Hove's handling of the First United Bank action. Therefore, no genuine issue of material fact existed.

On appeal, Clint Jr. contends that the Moses affidavit raised sufficient factual issues to preclude summary judgment. Moses' statements in this regard were that Clint Jr. and Mullin Trucking owed approximately $80,000 to First United Bank and that Hove allowed judgment to be entered for an amount in excess of $148,000. We observe, as we did above, that Moses stated no basis for his purported personal knowledge of these matters. Indeed, the statements are in the nature of conclusory statements lacking in factual foundation or personal knowledge. Conclusory statements are insufficient to establish the existence of a genuine issue of material fact. Matter of Estate of Lien (1995), 270 Mont. 295,

9

298, 892 P.2d 530, 532 (citation omitted).

Moreover, even if accepted--and admissible--as fact, Moses' statements do not controvert Clint Jr.'s sworn testimony that he was not seeking anything in this case relating to Hove's handling of the First United Bank action. An expert witness may opine that professional negligence was committed; he cannot, however, assert a legal malpractice claim on behalf of a client who has testified under oath that no such claim is being pursued. We hold that the District Court did not err in granting Hove's motion for summary judgment on the First United Bank counterclaim.

2. Did the District Court err in its Findings of Fact and Conclusions of Law?

STANDARD OF REVIEW

We review a district court's findings of fact to determine whether they are clearly erroneous. Rule 52(a), M.R.Civ.P. Under our three-part clearly erroneous test, we first determine whether the court's findings are supported by substantial credible evidence; if so, the findings still may be clearly erroneous if the court misapprehended the effect of the evidence or we are left with the definite and firm conviction that a mistake has been committed. Daines v. Knight (1995), 269 Mont. 320, 325, 888 P.2d 904, 906 (citations omitted). In this regard, it is within the province of the trier of fact to weigh the evidence and determine the credibility of witnesses, and we will not substitute our judgment for that of the factfinder on such matters. Topco, Inc. v. State, Department of Highways (1996), 275 Mont. 352, 362, 912 P.2d 805,

10

811 (citation omitted). We review a district court's conclusions of law to determine whether they are correct. Daines, 888 P.2d at 906.

It is appropriate to begin our discussion with general observations about the defendants' brief on this issue, which apparently is intended to relate to both their defenses to Hove's claim against them and their counterclaims against Hove. We say "apparently" because their discussion of this issue is a confused intermixture of largely conclusory statements which neither challenges specific findings by the District Court under this Court's standard of review nor advances legal analysis directed at establishing error in the District Court's conclusions of law. Moreover, the 30-page statement of "facts" with which the defendants open their brief, and to which numerous references are made in their discussion of this issue, does not contain facts; it merely reiterates at length the trial testimony of the defendants and the witnesses who testified on their behalf.

At the outset of their discussion of whether the District Court erred in its findings and conclusions, the defendants cite to In the Matter of Bretz (1975), 168 Mont. 23, 542 P.2d 1227, for the proposition that an attorney entering into business transactions with a client must show "by clear and satisfactory evidence" that the client had all the information and advice necessary to comprehend and understand the details of the business arrangement and that no undue influence or unfairness occurred. The defendants then merely state that the court failed to consider this law.

We note that Bretz was not a legal malpractice case. It was

11

before this Court on review of a disciplinary proceeding before the Court's Commission on Practice. Bretz, 542 P.2d at 1228. The defendants cite to no authority under which principles set forth in a disciplinary proceeding necessarily are applicable in a legal malpractice case.

Even assuming arguendo that Bretz is applicable here, however, it does not aid the defendants. While the defendants correctly restate certain language from Bretz, the language they rely on is only a partial statement of the Bretz principle. Accepted as a controlling principle, the language on which the defendants rely would effectively eliminate a plaintiff's burden of proving a legal malpractice claim based on business dealings between an attorney and a client and shift that burden to the attorney to disprove the claim.

Stated in its entirety, the Bretz principle provides that "[w]hen the evidence reflects, as it does in this case, that an attorney has seemingly profited at the expense of his clients," the attorney must show--by clear and satisfactory evidence--both the absence of undue influence or unfairness and that the client had all the necessary information and advice to comprehend and understand the details of their business arrangement. Bretz, 542 P.2d at 1245. Thus, where applicable, Bretz is clear that an attorney's obligation to come forward with clear and satisfactory evidence arises only where a factfinder has determined that the attorney profited at the client's expense.

The defendants fail to apply this principle to either the record before us or the District Court's findings and conclusions.

12

Here, the District Court did not make such a finding and the defendants do not cite to evidence of record which would have mandated a finding that Hove profited from either the premises lease or the other business dealings underpinning the defendants' counterclaims against him. In any event, the record does not suggest such profit by Hove at the expense of his clients.

The defendants also cite to Daniels v. Paddock (1965), 145 Mont. 207, 221, 399 P.2d 740, 747, for the principle that "where an attorney deals with his client for the former's benefit, the transaction . . . is presumptively invalid on the ground of constructive fraud, and that this presumption can be overcome only by the clearest and most satisfactory evidence." Again, however, the defendants fail to establish--and the District Court did not find--that Hove's transactions with the defendants benefited Hove.

The defendants then state that their 30-page Statement of Facts "establish[es] that the District Court's decision in upholding the lease for Hove and in not holding for appellants is clearly erroneous." They make similar conclusory statements regarding their other claims and generally request that this Court consider their 30-page Statement of Facts and references to the transcript and exhibits "in order to determine how strong appellants' evidence is."

In these regards, we need only reiterate that our standard in reviewing a district court's findings of fact is whether those standards are clearly erroneous; the first prong of the "clearly erroneous" test is whether substantial credible evidence supports the findings. Daines, 888 P.2d at 906. Our standard is not

13

whether evidence supports findings different from those made by the district court. See Caekaert v. State Compensation Mutual Ins. Fund (1994), 268 Mont. 105, 110, 885 P.2d 495, 498 (citation omitted). Thus, contrary to the defendants' suggestion, it is clear that the mere recitation of evidence supporting their positions does not "establish" that the District Court's findings are clearly erroneous.

Moreover, it is within the province of the trier of fact to weigh conflicting evidence, and we will not substitute our judgment for that of the factfinder in such matters. Topco, 912 P.2d at 811. Thus, while we have reviewed the record, we reject the defendants' request that we "determine how strong their evidence is." To do so would improperly intrude this Court into the province of the trier of fact in contravention of our well-established standards.

The remainder of the defendants' discussion under this issue centers on their contention that Hove failed to establish his claims, and defend against theirs, by the "clearest and most satisfactory evidence." While we have concluded above that this portion of the Bretz principle does not come into play here, we address this portion of the defendants' discussion briefly, noting that the defendants advance neither a definition of the "clearest and most satisfactory evidence" standard nor an analysis of how that standard applies to this Court's review of a district court's findings of fact.

For purposes of this case, and absent any definition offered by the defendants, we equate the "clearest and most satisfactory

14

evidence" standard to the "clear and convincing evidence" standard.

> [C]lear and convincing proof is simply a requirement that a preponderance of the evidence be definite, clear, and convincing, or that a particular issue must be clearly established by a preponderance of the evidence or by a clear preponderance of proof. This requirement does not call for unanswerable or conclusive evidence. The quality of proof, to be clear and convincing, is somewhere between the rule in ordinary civil cases and the requirement of criminal procedure--that is, it must be more than a mere preponderance but not beyond a reasonable doubt.

Matter of J.L. (Mont. 1996), 922 P.2d 459, 462, 53 St.Rep. 649, 651 (citations omitted). Even where applicable, however, the clear and convincing burden of proof does not mandate a finding against the party carrying that burden merely because conflicting evidence exists. Matter of J.L., 922 P.2d at 462. Thus, the defendants' reliance on that standard is to no avail here on a stand-alone basis.

Moreover, it is clear that even where the clear and convincing standard applies to a district court charged with making findings of fact, that trial level standard does not affect our clearly erroneous standard in reviewing such findings of fact. Matter of J.L., 922 P.2d at 462 (citation omitted). To hold otherwise would result in this Court improperly substituting its judgment for that of the factfinder on matters relating to the weight of the evidence and the credibility of witnesses. See Matter of J.L., 922 P.2d at 462.

The above discussion brings us to the only questions properly before us in this issue; namely, whether the District Court's findings of fact are clearly erroneous and whether its conclusions of law are correct. See Daines, 888 P.2d at 906. The defendants

15

do not challenge any finding of fact as being unsupported by substantial evidence or, except as discussed above, otherwise clearly erroneous. Accordingly, we conclude that the District Court's findings relating to the defendants' appeal are not clearly erroneous. Similarly, with regard to the conclusions of law adverse to them, the defendants have not established any error by the court. We hold, therefore, that the District Court did not err in interpreting the law with respect to matters encompassed within the defendants' appeal.

3. Is Hove entitled to treble damages?

As the first issue in his cross-appeal, Hove contends that he was entitled to treble damages pursuant to § 70-27-205(2), MCA, upon the District Court's finding and judgment that he was entitled to unpaid rent from Mullin Trucking. He argues that the entry of treble damages is a mere ministerial act under the facts of this case. We disagree.

Section 70-27-205(2), MCA, provides that, in the event of an unlawful detainer alleged in the complaint and proved at trial, the finder of fact must determine the amount of any related rent due. In addition, judgment must be entered against a defendant guilty of the unlawful detainer for three times the amount of the rent found due. Section 70-27-205(2), MCA.

Here, as noted above, Hove's complaint alleged defaulted rent payments under the premises lease and unlawful detainer. The District Court determined that the premises lease was valid, found that rent was due--and not paid--after the first two months of the lease, and entered judgment in Hove's favor for the amount of rent

16

not paid by Mullin Trucking for the months it occupied the leased premises. The court did not, however, make a finding or corresponding conclusion that Mullin Trucking was guilty of unlawful detainer as defined in § 70-27-108, MCA.

Treble damages are mandatory under § 70-27-205(2), MCA, only where a defendant is determined to be guilty of unlawful detainer. No such determination was made in this case and Hove has not appealed the District Court's failure to do so. Therefore, we conclude that Hove is not entitled to treble damages.

4. Did the District Court abuse its discretion in failing to award Hove attorney fees pursuant to the premises lease?

Since he prevailed on the premises lease issue, Hove argues that the District Court abused its discretion in determining that no party should be deemed a prevailing party in the action and each party should bear its own costs, and in denying him attorney fees to which he was entitled pursuant to the terms of the lease. We disagree.

We note, at the outset, that Hove's complaint in this case does not contain a claim for attorney fees under the premises lease. Indeed, no claim for attorney fees is stated in the complaint.

Hove contends that he preserved the issue of entitlement to attorney fees under the premises lease in the pretrial order. We have scrutinized the extensive pretrial order entered in this case, however, and located no assertion of entitlement to attorney fees under the premises lease. The only assertion by Hove in the pretrial order which relates to his asserted entitlement to

17

attorney fees is as follows:

> Hove is entitled to rent pursuant to the terms of the lease and all remedies available under Section 70-27-201 et seq. M.C.A. including attorney's fees, treble damages and costs.

This contention asserts entitlement to rent under the premises lease; it does not assert entitlement to attorney fees thereunder. Attorney fees, and other entitlements, are asserted only pursuant to statute.

Hove also relies on Bell v. Richards (1987), 228 Mont. 215, 741 P.2d 788. His reliance is misplaced.

In Bell, plaintiffs sued to be excused from obligations under a contractual land sale and to be reimbursed for amounts already paid to defendants under the contract. The contract contained a prevailing party attorney fees provision. Ultimately, the district court dismissed plaintiffs' complaint with prejudice and awarded defendants costs. Bell, 741 P.2d at 789. The court subsequently denied defendants' motion to alter or amend to include attorney fees, concluding that defendants' failure to include a claim for attorney fees in the pretrial order constituted abandonment of such a claim and that no evidence relative to fees was introduced at trial under which Rule 15(b), M.R.Civ.P., would come into play. Bell, 741 P.2d at 790.

We reversed the district court on appeal. We relied, in pertinent part, on the parties' mutual contractual agreement that the prevailing party in any action relating to the contract would be entitled to attorney fees and plaintiffs' inclusion of the issue in the pretrial order. Bell, 741 P.2d at 790-91. Because

18

entitlement to attorney fees was vested in the prevailing party by contract, plaintiffs claimed attorney fees under the contract, and § 28-3-704, MCA, makes attorney fees reciprocal, we concluded that defendants did not abandon their right to attorney fees by failing to include such a claim under defendants' contentions in the pretrial order. Bell, 741 P.2d at 790-91.

The present case is distinguishable from Bell. First, the premises lease did not contain a prevailing party attorney fees provision; Section Eleven of the premises lease provided that the lessee would indemnify the lessor against expenses, including attorney fees, arising out of a failure by lessee to perform any of the terms of the lease. Second, Hove was the only party who could have initially asserted a claim to attorney fees under this lease provision in the pretrial order, and he did not do so. Thus, Bell does not support Hove's position here.

Moreover, we distinguished Bell in Naftco Leasing Ltd. v. Finalco, Inc. (1992), 254 Mont. 89, 835 P.2d 728, on facts nearly identical to those presently before us. There, plaintiffs appealed from the district court's adverse ruling in their action to reform lease contracts and from the award of attorney fees to defendant. Naftco, 835 P.2d at 729-30. We reversed on the attorney fees issue on the basis that the pretrial order contained no reference to attorney fees and the lease contracts did not contain a prevailing party attorney fees provision. Indeed, the Naftco contracts contained a provision substantially similar to that contained in the premises lease at issue in the present case. Naftco, 835 P.2d at 732. We expressly determined that "Bell is not authority for

19

allowing the defendant to collect attorney fees in the present case." Naftco, 835 P.2d at 732. We reach the same conclusion here.

As a final matter, we observe that Hove did not assert entitlement to attorney fees under the premises lease at any stage of the proceedings before the District Court. As noted above, neither his complaint nor the pretrial order contains such a claim. His brief and proposed findings of fact and conclusions of law filed after trial also are devoid of any reference to such an entitlement to attorney fees. Nor did he move the District Court to alter or amend its findings, conclusions and judgment in this regard.

We hold that the District Court did not err in failing to award Hove attorney fees under the premises lease.

> 5. Did the District Court err in awarding Mullin Trucking damages for Hove's cancellation of the truck lease?

As part of the business dealings between Hove and the defendants, Hove made a down payment on a 1993 Volvo truck. A one-paragraph contract between Hove and Clint Jr. indicated that the truck ultimately was to be sold to Mullin Trucking and that, in the interim, Mullin Trucking would lease the truck. No written lease agreement was ever executed with regard to this transaction and the District Court found that the original contract was devoid of any detail as to the terms and conditions of such a truck lease. The court concluded that Hove violated his obligation as an attorney in entering into business dealings with his clients in this regard without providing a clear written contract specifying the terms of

20

the lease.

Hove subsequently terminated the truck transaction and "repossessed" the truck. Damages were claimed against Hove for loss of use, loss of profits and out-of-pocket expenses for licensing, insuring and outfitting the truck, as well as being required to go and pick up a trailer that was left in Illinois when Hove reacquired the truck.

The District Court concluded that, in addition to Hove having failed to properly conduct the truck lease transaction at the outset, his method of terminating the arrangement also was improper and resulted in loss of equipment from the truck and loss of the out-of-pocket expenses incurred. Noting that the damages to which Clint Jr. testified were not supported by documentation, the court nevertheless determined that the damages did not appear to be speculative and that Clint Jr.'s testimony was sufficient to establish the damage claim. The District Court entered judgment relating to the truck transaction in favor of Mullin Trucking in the amount of $14,988 as damages for out-of-pocket expenses.

Hove does not challenge any of the District Court's findings of fact relating to the truck lease transaction; nor does he challenge the court's conclusions of law that he violated his professional obligations in these regards and improperly reacquired the truck, resulting in the loss of out-of-pocket expenditures. In addition, while Hove observes that he preserved an objection to the foundation for Clint Jr.'s testimony relating to damages, he does not raise or argue--as a separate issue on cross-appeal--an abuse of discretion by the District Court in admitting the testimony.

21

Thus, we do not address the admissibility of Clint Jr.'s testimony relating to out-of-pocket expenses.

Hove does advance two challenges to the District Court's actions in this regard. First, he argues that the court should not have accepted Clint Jr.'s testimony on damages relating to the truck transaction as sufficient to establish those damages. Second, he contends that the District Court erred in awarding the damages to Mullin Trucking rather than to A & C. We will address these arguments in turn.

With regard to Hove's first argument, we conclude that the District Court did not abuse its discretion. The court rejected much of Clint Jr.'s damage testimony as speculative and improbable. It accepted other testimony, over Hove's objection, with regard to the out-of-pocket expenses incurred. While it is true that Clint Jr. did not provide documentation for these damages, and used the pretrial order to refresh his recollection about these amounts, he testified that he had provided the information to his counsel at the time the pretrial order was prepared.

Hove relies on Scott v. Scott (1990), 246 Mont. 10, 803 P.2d 620, as support for his contention that oral testimony unsupported by readily available documents is insufficient proof as a matter of law, but his reliance is misplaced. There, the parties to a marital dissolution disputed the valuation of an automobile purchased during the marriage. Scott, 803 P.2d at 624. The wife testified that the value was $500; the husband testified to a value of $1500 based on conversations he had with various automobile dealers. Neither party submitted written valuations and the trial

22

court accepted the husband's testimony.  Scott, 803 P.2d at 625.

On appeal, we observed that the trial court did not have the best evidence on which to base its valuation of the automobile; we also determined, however, that the trial court's determination of value would stand unless it was not supported by the record. Having reviewed the record, we concluded that it supported the trial court's finding.  Scott, 803 P.2d at 625.  To the extent it is applicable here, Scott supports the District Court's reliance on Clint Jr.'s testimony regarding out-of-pocket expenses relating to the truck transaction.  Scott does not stand for the proposition that oral testimony unsupported by readily available documents is insufficient proof as a matter of law.

With regard to Hove's second argument, we agree--as do the defendants--that the District Court erred in awarding the damages to which Clint Jr. testified to Mullin Trucking.  Clint Jr. clearly and repeatedly testified that the out-of-pocket expenses incurred, and which the court ultimately awarded as damages, were sustained by A & C.  Thus, the record does not support the District Court's entry of judgment in favor of Mullin Trucking in the amount of $14,988 as damages relating to the truck transaction.  As a result, it is necessary to remand for modification of the District Court's conclusions of law and judgment.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Justice

We concur:

_____
            Chief Justice

_____

W. William Leaphart
_____

_____
            Justices

24

January 23, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

James L. Norris
Attorney at Law
P.O. Box 978
Bismarck, ND  58502-0978

Mark D. Parker
Attorney at Law
P.O. Box 7212
Billings, MT  59103-7212

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy