No. 86-319

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

JOHN DWIGHT LASAR and BARBARA LASAR,

        Plaintiffs,

   -vs-

BECHTEL POWER CORPORATION,

        Defendant,

  and

BECHTEL POWER CORPORATION,

        Third-Party Plaintiff and Respondent,

   -vs-

E. H. OFTEDAL & SONS, INC.,

        Third-Party Defendant and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lucas & Monaghan; Thomas M. Monaghan, Miles City,
Montana

    For Respondent:

        Moulton Law Firm; John T. Jones, Billings, Montana
Goetz, Madden & Dunn, Bozeman, Montana

_____

Submitted on Briefs: August 28, 1986

Decided: October 24, 1986

Filed: OCT 24 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

E. H. Oftedal & Sons, Inc. (Oftedal) appeal from a decision by the District Court of the Thirteenth Judicial District, Yellowstone County, ruling that Oftedal was not entitled to attorney's fees under § 28-3-704, MCA. We affirm.

The issue raised on appeal is whether the District Court erred in reaching the conclusion that attorney's fees should not be awarded under the reciprocal fee statute, § 28-3-704, MCA, in suits based on indemnity contract clauses.

Appellant Oftedal is third party defendant in a personal injury action brought by John and Barbara Lasar against Bechtel Power Corporation. John Lasar was employed by Oftedal, a subcontractor of Bechtel, hence Bechtel brought an action against Oftedal by way of a third party complaint requesting indemnification for the Lasar v. Bechtel action. Oftedal moved to dismiss the third party complaint, but that motion was denied by the District Court. An application for writ of supervisory control to this Court was also denied. Hence, Oftedal participated in the action as a third party defendant responsible for the indemnification of Bechtel.

In December, 1985, this Court decided Raisler v. Burlington Northern R. Co. (Mont. 1985), 717 P.2d 535, 42 St.Rep. 1997, which held that application of the Workers' Compensation Act's exclusive remedy provision (§ 39-71-411, MCA) as a defense against a third party's claim for indemnity did not violate substantive due process under the state's constitution. As this issue was central to the third party action brought by Bechtel against Oftedal, Oftedal moved the

District Court for summary judgment. The motion sought to dismiss Bechtel's third party indemnity claim and requested attorney's fees under the reciprocal fee statute, § 28-3-704, MCA. The District Court granted Oftedal's motion as to the indemnity issue, but denied Oftedal's claim against Bechtel for attorney's fees. Oftedal appeals the District Court's denial of attorney's fees. We affirm the District Court's decision.

The reciprocal attorney fee statute, § 28-3-704, MCA states:

> Contractual right to attorney fees treated as reciprocal. Whenever, by virtue of the provisions of any contract or obligation in the nature of a contract made and entered into at any time after July 1, 1971, one party to such contract or obligation has an express right to recover attorney fees from any other party to the contract or obligation in the event the party having that right shall bring an action upon the contract or obligation, then in any action on such contract or obligation all parties to the contract or obligation shall be deemed to have the same right to recover attorney fees and the prevailing party in any such action, whether by virtue of the express contractual right or by virtue of this section, shall be entitled to recover his reasonable attorney fees from the losing party or parties.

Oftedal maintains that since Bechtel sought attorney's fees in its indemnification clause in the Oftedal-Bechtel subcontract, the reciprocal attorney's fees statute should allow Oftedal to recover the fees it incurred defending itself against Bechtel's failed claim for indemnity. Oftedal asserts that support for the applicability of the reciprocal fee statute comes from Bechtel's allegations, in its third party complaint, that the indemnity provision in the subcontract obligated Oftedal to pay Bechtel's attorney's fees for the original Lasar v. Bechtel action as well as for

Bechtel's fees in prosecuting the third party complaint against Oftedal.

Bechtel responds by reiterating the District Court's decision holding that the attorney's fees clause in the indemnity provision was not the type of provision intended to be protected by the reciprocal fee statute. The District Court, in its memorandum supporting its order denying Oftedal's motion for summary judgment explained:

> . . . indemnity and hold harmless provisions are, by their very nature, somewhat . . . a one-sided proposition. The shifting of the obligation to defend or indemnify does not anticipate the raising of defenses as occasioned by a suit to recover a debt.

The District Court was correct in determining that Oftedal was not entitled to attorney fees from Bechtel because of the third party action. The language of the indemnity provision in the Bechtel-Oftedal subcontract does not permit this Court to reach any other conclusion. The subcontract provides:

> Indemnity: Subcontractor [Oftedal] shall indemnify, defend and hold harmless Owner and Contractor [Bechtel], . . . against any and all suits, actions, legal or administrative proceedings, claims, demands, damages, liabilities, interest, attorney's fees, costs and expenses of whatsoever kind or nature whether arising before or after completion of the work hereunder and in any manner directly or indirectly caused, occasioned or contributed to in whole or in part, by reason of any action, omission, fault or negligence of anyone acting under its direction, control or on its behalf in connection with or incident to the work performed under this subcontract. Subcontractor's aforesaid indemnity and hold harmless agreement shall not be applicable to any liability caused by the sole action negligence of Contractor or Owner.

The indemnification provided by this language is designed to protect Bechtel from bearing the responsibility for any wrongdoing by Oftedal. By way of its third party action, Bechtel sought to enforce the indemnification

*3*

- *4* -

provision against Oftedal for the Lasars' claim.  But for the applicability of the _Raisler_ decision, enforcement of the indemnification provision would have been proper.  However, because _Raisler_ precluded Bechtel's third party action, Oftedal was not required to indemnify Bechtel against the Lasars' claim.

The immediate action (Bechtel, third party plaintiff, vs. Oftedal, third party defendant), is not one indemnified under the language of the subcontract.  The indemnification language protects Bechtel from claims made by someone other than the contracting parties.  The protection is in Bechtel's "behalf in connection with or incident to the work performed _under_ the subcontract."  Hence, the attorney's fees Bechtel incurred in its suit against Oftedal seeking indemnification were not within the subject matter of this contract.  This in turn means that § 28-3-704, MCA has no applicability, as there was never a requirement that Oftedal pay Bechtel's attorney's fees for enforcement of the indemnity agreement in the third party action.

Section 28-3-704, MCA, grants a reciprocal right to attorney's fees when the party from whom one is requesting fees has an express right to attorney's fees.  When plaintiff in a suit for indemnity does not have an express right to attorney's fees for that action, and no agreement otherwise exists between them, the defendant is not entitled to reciprocal attorney fees.  Town Pump v. Diteman (Mont. 1981), 622 P.2d 212, 38 St.Rep. 54.  This case is ruled by the decision in _Town Pump_.

Therefore, we affirm the District Court.

John G. Sheehy
Justice

- 5 -

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices