No. 90-627

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

WAYNE and TERESA AMAZI, et al.,

    Plaintiffs,

  -vs-

ATLANTIC RICHFIELD COMPANY, a Delaware Corporation, CGG AMERICAN SERVICES, INC., a Colorado Corporation, GRANT-NORPAC, INC., a Delaware Corporation., et al.,

    Defendants,

---

ATLANTIC RICHFIELD COMPANY,

    Cross-Claimant, Respondent and Cross-Appellant,

  -vs-

GRANT-NORPAC, INC.,

    Cross-Defendant, Appellant and Cross-Respondent,

---

LONNIE AND PHYLLIS BROOKSHIRE, et al.,

    Plaintiffs,

  -vs-

ATLANTIC RICHFIELD COMPANY, a Delaware Corporation., CGG AMERICAN SERVICES, a Colorado Corporation, GRANT-NORPAC, INC., et al.,

    Defendants,

---

ATLANTIC RICHFIELD COMPANY,

    Cross-Claimant, Respondent and Cross-Appellant,

  -vs-

GRANT-NORPAC, INC.,

    Cross-Defendant, Appellant and Cross-Respondent.

FILED

AUG 9 - 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Rockwood Brown and Guy W. Rogers; Anderson, Brown,
        Gerbase, Cebull, Fulton, Harman & Ross, Billings,
        Montana.

        For Respondent:

        James M. Ragain and Kyle A. Gray; Holland and Hart,
        Billings, Montana.

                                _____

                        Submitted on briefs:  June 28, 1991

                                Decided:  August 9, 1991

Filed:

                                Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves an indemnification dispute. The parties involved were both defendants in two underlying suits. Appellant and Cross-Defendant Grant-Norpac (GN) appeals the order of the First Judicial District Court, Lewis and Clark County, granting summary judgment to the Respondent and Cross-Claimant Atlantic Richfield Company (ARCO) on its cross-claim for indemnification in the underlying lawsuits. We affirm.

GN raises a sole issue on appeal:

Did the District Court err in granting summary judgment to ARCO on its cross-claim for indemnification, including indemnification for ARCO's own alleged negligence, based on the language of the contract between the parties?

ARCO also raises an issue on cross-appeal:

Did the District Court err in not awarding ARCO its attorney's fees expended to prove its cross-claim for indemnification?

This case arose out of seismic exploration in and around the Helena Valley. On January 3, 1983, ARCO entered into an agreement with GN, whereby GN was to conduct seismic testing activities for ARCO for the purpose of mineral and oil exploration. Pursuant to the agreement, ARCO would designate certain services it wanted GN to conduct in locations designated by ARCO, with specific instructions contained in a series of supplementary agreements.

In 1983 and 1984 GN ran shot-lines in the Helena Valley at locations designated by ARCO. Shot-lines consist of a linear series of sticks topped with explosives running in a particular

3

direction. The explosives are detonated simultaneously and the velocities of the resulting shockwaves that pass through the ground provide data that may be indicative of mineral or oil deposits in the area. The contract indicates that the location of the shot-lines and the equipment used, as well as specifications for the work, were provided by ARCO.

About this same time two other companies, Geosource, Inc., and CGG American Services, Inc., were also conducting geophysical surveys in the area, setting off similar explosive devices.

These suits arose when the plaintiff landowners sued ARCO, GN, Geosource and CGG alleging that the exploration work of the defendants had damaged their property. The landowners contended that the use of above-ground explosives in the Helena Valley was negligent.

GN and ARCO requested the District Court to interpret the indemnity clause of the contract between the parties. The court ruled that the indemnity provision required GN to indemnify ARCO if the trier of fact determined that both ARCO and GN were negligent to some degree; GN would not have to indemnify ARCO only if the plaintiffs' injuries arose due to the sole negligence of ARCO. ARCO offered the defense of this matter to GN in October of 1986. GN refused to defend. ARCO incurred in defending some $64,000.00 worth of attorney's fees and costs. GN eventually settled the plaintiffs' cases and obtained releases for itself and ARCO. ARCO did not contribute to the settlements. ARCO moved for summary judgment requesting that under the contract GN indemnify

ARCO for its attorney's fees and costs. The District Court granted summary judgment ruling that ARCO was entitled to costs and fees expended in defending the underlying claims, but not to the fees expended in proving its contractual right to indemnification. GN appealed from the orders granting ARCO's indemnity claim and fees. ARCO cross-appealed from the order denying its claim for costs and fees expended in establishing its right to indemnification.

First, we note that this is an appeal from summary judgment. Our standard of review is the same as that of the District Court considering the motion. In order for summary judgment to issue, the movant must demonstrate that there is no genuine issue as to all facts deemed material in light of the substantive principles entitling the movant to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Frigon v. Morrison-Maierle, Inc. (1988), 233 Mont. 113, 117, 760 P.2d 57, 60; Cerek v. Albertson's, Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 511. If the movant meets this burden, the burden then shifts to the non-moving party to demonstrate a genuine issue of material fact. Frigon, 760 P.2d at 60. "Mere denial or speculation will not suffice, the non-moving party must show facts sufficient to raise a genuine issue." Frigon, 760 P.2d at 60; Gamble Robinson Co. v. Carousel Properties (1984), 212 Mont. 305, 312, 688 P.2d 283, 287.

## I. GN's Appeal

In its opening brief, GN narrowly defines the issue on appeal:

We are not concerned with the remedy of contribution, nor with the common law indemnity involving active/passive negligence. This appeal relates solely to whether ARCO has a right of contractual indemnity

5

against Grant-Norpac under the written agreement between those parties. The issue can be narrowed even further by stating that we are not concerned with any claimed sole negligence on the part of ARCO which would allow indemnity in favor of Grant-Norpac. <u>The limited question presented in this appeal is whether the indemnity provision of the Basic Agreement allows ARCO to recover attorneys' fees and costs which were expended to defend against claims of ARCO's own direct negligence</u>. (Emphasis added.)

For purposes of this appeal, GN has abandoned its argument below that a genuine issue of material fact existed concerning whether ARCO was solely negligent, which would allow indemnity in favor of GN. Furthermore, GN concedes that it was partially negligent, thereby eliminating questions of fact under the indemnity provision of the contract. The only issue remaining involves the legal interpretation of the indemnity provision in the contract. The provision provides:

> CONTRACTOR shall protect, indemnify, defend and save CLIENT harmless from and against all claims, liabilities, demands, causes of action and judgments (including costs and reasonable attorneys fees) arising in favor of or asserted by third parties on account of personal injury or death or on account of damage to property, which injury, death or damage is the result, <u>in whole or in part</u>, of the negligent acts or omissions or willful misconduct of CONTRACTOR, its employees, agents or subcontractors. CLIENT shall protect, indemnify, defend and save CONTRACTOR harmless from and against all claims, liabilities, demands, causes of action and judgments (including costs and reasonable attorneys fees) arising in favor of or asserted by third parties on account of personal injury or death or on account of damage to property, which injury, death or damage is solely the result of the negligent act or omissions or willful misconduct of CLIENT, its employees and agents. (Emphasis added.)

GN contends that while the provision requires GN to indemnify ARCO for any negligence resulting in whole or in part from GN's actions,

6

the contract does not indemnify ARCO against its own negligence.

We disagree. In order for a contract to indemnify a party against its own negligence, such indemnification must be expressed in "clear and unequivocal terms." Sweet v. Colburn School Supply (1982), 196 Mont. 367, 370-71, 639 P.2d 521, 523; Lesofski v. Ravalli County Electric Cooperative (1968), 151 Mont. 104, 108, 439 P.2d 370, 372. In Sweet, this Court held that indemnity language in a lease was not clear and unequivocal, noting that the language in that case was not comparable to the indemnity language in Ryan Mercantile Co. v. Great Northern Railway Company (9th Cir. 1961), 294 F.2d 629. In Ryan, the wife of an employee of Ryan was injured while riding in a car when the car was struck by a boxcar being pushed by a Great Northern locomotive. She only alleged negligence on the part of Great Northern. The Ninth Circuit Court found that Great Northern should be indemnified for its own negligence, stating:

> [I]n order to uphold an indemnification agreement for damages caused by negligent acts of the indemnitee there must be clear and unequivocal terms. . . . An examination of the indemnity agreement discloses no ambiguity. The phrases used--"any and all personal injuries", "of every name and nature which may in any manner arise", "whether due or not due to the negligence of Great Northern"---demonstrate that Ryan's indemnity would cover any claim made against Great Northern . . . and shows that the parties had in mind that the negligence of Great Northern would be no bar to Ryan's indemnity obligation."

Ryan, 294 F.2d at 633. While the indemnity provision in this case does not contain language exactly parallel to the language in Ryan--i.e., "whether due or not due to the negligence of ARCO"--when both sentences of the provision are read together it is clear that

7

the provision requires GN to indemnify ARCO "against all claims, liabilities, demands, causes of action and judgments (including costs and reasonable attorneys fees" resulting "in whole or in part" from "the negligent acts or omissions or willful misconduct" of GN, its employees, agents or subcontractors. Under the provision, liability attaches to ARCO only when ARCO is solely negligent. Thus the provision clearly and unequivocally provides that ARCO will not be indemnified against its own sole negligence, but it will be indemnified where an injury is due to concurrent negligence of ARCO and GN in any proportion. We conclude that the District Court did not err in ruling that the indemnity provision allows ARCO to recover attorneys' fees and costs expended to defend against claims of ARCO's own direct negligence.

## II. ARCO's Cross-Appeal

On cross-appeal, ARCO alleges that the District Court erred in not ruling that the indemnity provision also entitles ARCO to indemnification for its costs and fees incurred proving its right to indemnification. ARCO sought indemnity totaling $70,250.75. $50,449.51 of this requested sum was expended in defending the case. ARCO incurred the remaining $19,801.24 attempting to secure indemnity from GN.

This is an issue of first impression in Montana. The majority rule is that a party is not entitled to its fees and costs incurred in establishing its right to indemnity:

> The general, and virtually unanimous rule appears to limit the allowance of such fees to the defense of the claim indemnified against and not to extend such allowance for services rendered in establishing the

right to indemnification. 41 Am.Jur.2d, Indemnity, § 36 (Supp. 1974); 42 C.J.S. Indemnity, § 13d (1944). . . . . [I]n the absence of _express_ contractual terms to the contrary, an indemnitee may not recover legal fees incurred in establishing his right to indemnification.

Jones v. Strom Construction Co., Inc. (Wash. 1974), 527 P.2d 1115, 1119. ARCO contends that it should be entitled to recover its fees incurred in establishing indemnification because a contract provision providing for indemnification is similar to a contract of insurance. We disagree. Here the indemnity provision is merely one provision in a contract to perform geophysical exploration bargained between the parties. It is not specifically a contract for insurance. We adopt the majority rule that absent an express contractual term an indemnitee may not recover attorneys' fees incurred in establishing indemnity.

ARCO argues that Section IX, paragraph 3 of the agreement constitutes such an express term and allows recovery for fees incurred in establishing indemnity. The provision provides:

> If indemnity is required by any of the terms of this Agreement, the responsible party shall defend the other and pay all settlements, judgments, costs, including reasonable attorneys fees, and other related expenses similar or dissimilar to the foregoing.

ARCO argues that such "related expenses" include attorneys' fees incurred in establishing its contractual right to indemnification, citing the rule that contracts for indemnification are to be liberally construed in favor of the party intended to be indemnified. See Capital Hill Shopping Center v. Miles (1977), 174 Mont. 222, 231, 570 P.2d 295, 298.

9

We disagree with this argument.  While contracts of indemnity are to be liberally construed in favor of the indemnitee, the provision here is not in  and of itself such a contract.  Rather it is a contract term allowing for recovery of certain attorneys' fees.  Under the majority rule just adopted, such a term must be express in order for an indemnitee to recover legal fees incurred in establishing its right to indemnification.  We conclude that the provision here is not sufficiently express, and affirm the District Court's adoption of the majority rule regarding such fees.

The order of the District Court is

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices