No. 99-430

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 223

301 Mont. 212

7 P. 3d 409

TRANSACTION NETWORK, INC.,

Plaintiff and Appellant,

v..

WELLINGTON TECHNOLOGIES, INC.,

and JERRY MAGNUSON,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Patricia D. Peterman, Billings, Montana; W. Scott Green, West, Patten, Bekkedahl & Green, Billings, Montana

For Respondent:

Russell D. Yerger, Billings, Montana, Ronald D. Allie, Allie Law Firm, Billings, Montana

Submitted on Briefs: October 21, 1999
Decided: August 15, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 TransAction Network, Inc. (TANI), appeals a May 12, 1999 Order and Memorandum issued by the Thirteenth Judicial District Court, Yellowstone County, which denied its motion to amend the Findings of Fact and Conclusions of Law issued by the court on April 8, 1999. TANI's motion sought attorney's fees pursuant to a release agreement between the parties, as well as under Montana's reciprocal fees statute, after judgment was entered in its favor for $3,673.53

¶2 We reverse and remand for an evidentiary hearing for the determination of attorney's fees.

¶3 TANI raises the following issue:

*Did the District Court err in dismissing TANI's motion to amend the Findings of Fact and Conclusions of Law that would have allowed recovery of attorney's fees?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 This appeal focuses exclusively on whether one party may recover its attorney's fees from the opposing party based on an indemnification provision found within an underlying contract. Thus, the factual background of this fairly complex matter is accordingly reduced to the essential facts necessary for this Court's review, and is largely adopted from the undisputed findings of the District Court.

¶5 Four persons, H. James Marlow, Dave Hughes, Keith Kerbaugh, and Jerry Magnuson, conceived of a business plan in November of 1996 to purchase, place, own, and operate

automated teller machines (ATMs). Various business entities were created pursuant to this plan. A partnership known as DKW was formed. The partnership consisted of Data Capture Systems, Inc., a corporation owned by Marlow; Kadoka Investments, Inc., a corporation owned by Kerbaugh and Hughes; and Wellington Technologies, Inc., a corporation owned by Magnuson. The latter (hereinafter Wellington), is the Defendant and Respondent here.

¶6 The foregoing partnership created the corporate entity TransAction Network, Inc. (hereinafter TANI), to implement the business concept of purchasing, owning, placing, and operating ATMs nationwide. TANI is the Plaintiff and Appellant here, seeking more than $40,000 in attorney's fees from Wellington.

¶7 Needless to say, within less than a year the entire deal went sour. At a July 1997 board of directors meeting, it was decided that Marlow would manage TANI. The other three persons, Kerbaugh, Hughes, and Magnuson, determined that they wanted out of the business based upon considerable difficulties that prevented the four men from "getting along and running an efficient business," according to the District Court's findings. The four, on behalf of themselves and their respective business entities, all signed a "GENERAL RELEASE AND AGREEMENT FOR RELINQUISHMENT OF STOCK" agreement on July 30, 1997. The release, essentially, allowed the departing three parties to exchange their respective shares of TANI stock for cash from TANI.

¶8 The release provided that TANI would hold "HKM" (Hughes, Kerbaugh, and Magnuson) "harmless from all causes of action relating to the incorporation of TANI," and that upon payment of consideration called for under the agreement, the parties would "mutually release each other from all other claims, demands and causes of action that they had, have or may have against each other . . . based upon stock issued in Transaction Network, Inc., and any contractual relationships between HKM, Releasees and TANI."

¶9 Of particular relevance here, the release also contained the following provision:

> **11. <u>Indemnification</u>**. Each party hereto shall indemnify and hold the other parties harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other parties by reason of any breach or failure of observance or performance of any representation, warranty or covenant or other provision of this agreement by such party.

¶10 Notwithstanding the foregoing, in May of 1998, TANI brought suit against Wellington and its president and owner, Magnuson, under a number of tort theories, including breach of fiduciary duty, conversion, actual and constructive fraud, and negligent misrepresentation. TANI sought general damages of approximately $110,000, and also punitive damages.

¶11 In response, Wellington contended that pursuant to the general release such claims were barred, and filed a counterclaim that the legal action commenced by TANI breached the release agreement. In addition to the breach of contract claim, Wellington alternatively claimed that due to either mistake or fraud, the release agreement should be rescinded. Wellington further contended that under either theory, it was entitled to recover its attorney's fees pursuant to the indemnification provision. Its amended answer and counterclaim alleging the foregoing was filed on November 6, 1998. Both parties moved for summary judgment in early 1999.

¶12 In a March 4, 1999 Order and Memorandum, the court denied Wellington's motion for summary judgment, and concluded that the release did not bar TANI's tort claims due to apparent ambiguities in the release agreement. Thus, the court determined that TANI could not be "subject to a counter-claim for a breach of the Release when the Court has concluded, as a matter of law, the Release does not bar the filing of this tort action." The court also concluded that neither fraud nor mistake had been appropriately pled, and therefore were dismissed.

¶13 Following a non-jury trial on March 17, 1999, the court issued its Findings of Fact and Conclusions of Law. On all of TANI's various tort claims, the court awarded only $3,673.53 for constructive fraud. The court further concluded that it had "ruled that all claims based upon the parties' 'contractual relationship' with each other are barred." The court also concluded that without the causes of action for fraud or mistake, Wellington had no basis to rescind, and was not entitled to any of the requested relief under that particular equitable remedy.

¶14 In April of 1999 an exchange of briefing ensued, as both parties moved to amend the court's findings and conclusions. Each party requested attorney's fees as a "prevailing party," pursuant to the indemnification clause found in the release agreement. Both motions were grounded in the assertion that Wellington's counterclaim for breach in the midst of TANI's tort claims activated the indemnification clause. TANI submitted its claim for attorney's fees that it had incurred from October 13, 1998 (the date Wellington

filed its counterclaim for breach) through April of 1999, for a total sum of $42,990. This claim did not provide any break down as to hours spent on any particular portion of the litigation. Similarly, Wellington sought more than $20,000 in attorney's fees.

¶15 The District Court, in a May 12, 1999 Order and Memorandum, denied the parties' motions, concluding that there was "no prevailing party because both parties have gained a victory but also suffered a loss." The court reasoned that the "entire case disposition must be considered . . ." The court stated that:

> Since the majority of plaintiff counsel's time (and the majority of trial time) was spent on the tort claim, it is neither fair nor equitable to award the amount of attorney fees. Likewise, counsel has not presented any evidence (verified or otherwise) as to the percentage of the $45,000 spent [attorney's fees plus costs] defending the counterclaim. Thus, the Court is unable to make any calculation in that regard.

¶16 TANI appeals this final order of the District Court, claiming it is entitled to attorney's fees as the prevailing party. TANI further requests that it be awarded reasonable attorney's fees and costs generated on appeal.

## STANDARD OF REVIEW

¶17 Normally, this Court reviews the findings of a trial court sitting without a jury to determine if the court's findings are clearly erroneous. Rule 52(a), M.R.Civ.P. However, the issue here on appeal--whether the court erred by not allowing TANI to recover its attorney's fees--is strictly a question of law. We review a district court's conclusions of law pertaining to the recovery of attorney's fees to determine whether those conclusions are correct. *See Doig v. Cascaddan* (1997), 282 Mont. 105, 112, 935 P.2d 268, 272.

**DISCUSSION** *Did the District Court err in dismissing TANI's motion to amend the Findings of Fact and Conclusions of Law that would have allowed recovery of attorney's fees?*

¶18 The District Court, in its May 12, 1999 Order and Memorandum, denied both parties' motions to amend the court's April 8, 1999 findings and conclusions. It is apparent from the court's order that on the whole the litigation was a great waste of time and money in

that each party sought recovery in excess of six figures in damages, and in the end TANI was award approximately $3,700. It is not surprising, therefore, that the court, in determining that the "entire case disposition must be considered," concluded that neither party, ultimately, prevailed.

¶19 In general, we agree with the court's assessment, but the legal question posed here requires further scrutiny. This Court has often stated that if an agreement between parties provides for attorney's fees, a district court is bound by its terms. *See Doig v. Cascaddan* (1997), 282 Mont. 105, 112, 935 P.2d 268, 272.

¶20 The District Court, in denying both parties' requests for attorney's fees, concluded that each party "gained a victory but also suffered a loss." The court stated that "[t]he entire case disposition must be considered . . . ." Primarily, the court relied on ample authority in Montana case law suggesting that a party who receives a money judgment in the end is not necessarily the "prevailing party" in determining attorney's fees. *See Marriage of Herbert* (1992), 255 Mont. 69, 72, 840 P.2d 584, 586. On this legal point, as applied here, we disagree.

¶21 In accordance with *Herbert*, this Court recently stated that in determining which party prevailed under a "prevailing party" provision in a contract "[n]o one factor should be considered . . . [t]he party that is awarded a money judgment in a lawsuit is not necessarily the successful or prevailing party." *Doig*, 282 Mont. at 112-13, 935 P.2d at 272. Even so, TANI's claim to attorney's fees in this instance is not only determined by a provision in a contract, but by statute as well.

¶22 The longstanding rule in Montana, often referred to as the American Rule, is that absent statutory or contractual authority, attorney's fees will not be awarded to the prevailing party in a lawsuit. *See Erker v. Kester*, 1999 MT 231, ¶ 43, 296 Mont. 123, ¶ 43, 988 P.2d 1221, ¶ 43. The contract that TANI allegedly breached, in fact, did not expressly provide that the "prevailing party" or "successful party" shall recover reasonable attorney's fees; rather, it provided as follows:

> **11. <u>Indemnification</u>. Each party hereto shall indemnify and hold the other parties harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other parties by reason of any breach or failure of observance or performance of any representation, warranty or covenant or other provision of this agreement by such party.**

¶23 Paradoxically, the foregoing provision is found within a release agreement, one purpose of which was to require that the parties mutually release each other from "all other claims, demands and causes of action that they had, have or *may have* against each other . . . based upon stock issued in Transaction Network, Inc., and *any contractual relationships . . .* " (Emphasis added). Logically, the mutual release agreement would encompass a future contract claim for breach of the release agreement itself, thereby producing a nullity. Thus, although the District Court permitted TANI to proceed with its tort claims, Wellington's attempt to enforce the agreement by bringing an action for breach was barred pursuant to the release agreement itself--an ironic legal twist in light of the fact that Wellington claimed TANI's law suit should be barred for the very same reason. The District Court made this conclusion in its April 8, 1999 Findings of Fact and Conclusions of Law: "This court has ruled that *all claims* based upon the parties' 'contractual relationship' with each other are barred." (Emphasis added).

¶24 Nevertheless, Wellington's breach of contract claim survived long enough to proceed to summary judgment, and each party incurred attorney's fees in pursuing and defending this particular claim in the midst of TANI's tort claims. We agree with the District Court's assessment that as a non-breaching party, Wellington would have been entitled to attorney's fees under the indemnification provision if it had prevailed.[1] Nevertheless, the plain language of the provision does not require that in the event *any* litigation arose the *prevailing party* would be entitled to indemnification for its attorney's fees. Rather, indemnification was expressly afforded to the non-breaching party only in the event of "any breach" by another party.

¶25 As the alleged breaching party, TANI was consequently compelled to rely on a statutory right that supplements such contract provisions. On appeal, TANI argues that by successfully defending against Wellington's breach of contract claim, it is entitled to reciprocal attorney's fees pursuant to § 28-3-704, MCA. We agree. The relevant language of this statute provides:

> Whenever, by virtue of the provisions of any contract . . . one party to such contract . . . has an express right to recover attorney fees from any other party to the contract . . . in the event the party having that right shall bring an action upon the contract . . . then in any action on such contract . . . all parties to the contract . . . shall be deemed to have the same right to recover attorney fees and the prevailing party in any such action, whether by virtue of the express contractual right or by virtue of this section, shall be entitled to recover his reasonable attorney fees from

the losing party or parties.

Accordingly, TANI contends that contrary to the District Court's conclusion it was the prevailing party, and thus should be entitled to reciprocal attorney's fees pursuant to § 28-3-704, MCA.

¶26 This Court's interpretation of the foregoing statute both favors and limits TANI's right to recovery in this instance. First, we agree with TANI that its successful defense against Wellington's counterclaim invokes the reciprocal right under § 28-3-704, MCA. In *Garrison v. Averill* (1997), 282 Mont. 508, 938 P.2d 702, for example, we concluded that "the same right to recover attorney fees" included a successful defense of an action. *Garrison*, 282 Mont. at 521, 938 P.2d at 709-10. We stated that "[i]n the event of a successful defense of the types of actions specified in paragraphs 5 and 6 of the buy-sell agreement, § 28-3-704, MCA, would vest the defendant with the same rights to attorney fees as are expressly provided to a successful plaintiff in the agreement." *Garrison*, 282 Mont. at 521, 938 P.2d at 709-10.

¶27 Similar to the indemnification provision here, the referenced paragraphs within the *Garrison* agreement provided that in the event one party defaulted on a buy-sell agreement, "the non-defaulting party may recover damages and reasonable attorney's fees to be awarded by the court in any action for a specific performance or otherwise" and "the non-defaulting party shall have the right to an action for specific performance and shall be entitled to recover damages, including a reasonable attorney's fee to be awarded by the court." *Garrison*, 282 Mont. at 520-21, 938 P.2d at 709.

¶28 We therefore agree with TANI that its successful defense against "the types of actions" specified in the indemnity clause (i.e., "any breach"), should entitle it to attorney's fees under § 28-3-704, MCA, in defending against Wellington's claims under our decision in *Garrison*. That TANI was successful in this defense was clearly stated by the District Court, in its May 12, 1999 Order: "on the other hand, [Wellington] lost their counterclaim . . . [and TANI] received a small victory by . . . prevailing on the counterclaim."

¶29 Nevertheless, under § 28-3-704, MCA, and *Garrison*, TANI's right to recovery must be the "same right to recover attorney fees" as Wellington's. We concluded in *Garrison* that because the party that brought suit did not allege default or breach of any term of the agreement, the party claiming reciprocal fees under § 28-3-704, MCA, in defending what

in fact were fraud and failure of consideration claims, could not recover attorney's fees. *See Garrison*, 282 Mont. at 521, 938 P.2d at 710.

¶30 As acknowledged by TANI, this Court has frequently declared that, pursuant to § 28-3-704, MCA, "contractual rights to attorney fees are reciprocal when the party from whom one is requesting fees has an *express right* to attorney fees." *Bell v. Richards* (1987), 228 Mont. 215, 218, 741 P.2d 788, 790 (citing *Lasar v. Bechtel Power Corp.* (1986), 223 Mont. 491, 494, 727 P.2d 526, 528) (emphasis added). *See Rauch v. Michel* (1986), 221 Mont. 1, 6-7, 716 P.2d 617, 620 (awarding reciprocal attorney's fees for contract "portion" of the action that also included action for "interference with peaceable occupation of home and property" after sprinkler system was wrongfully repossessed). *See also Town Pump Inc. v. Diteman* (1981), 191 Mont. 98, 105, 622 P.2d 212, 216-17 (reciprocal right under § 28-3-704, MCA, cannot exist without express right held by losing party).

¶31 Thus, under § 28-3-704, MCA, a "prevailing party" analysis may be required, but the claiming party's right to recovery is nevertheless limited by the reciprocal contract provision itself.

¶32 Here, under the indemnification clause, the only action that could have given rise to the recovery of attorney's fees was "any breach" of the release agreement. Accordingly, the only action upon which a reciprocal recovery may be based, under § 28-3-704, MCA, is a successful defense of an action for breach. Accordingly, TANI's contention that fees for defending Wellington's action for rescission, which was not finally resolved until the District Court issued is Findings of Fact and Conclusions of Law following trial, must fail.

¶33 Further, in contrast to the "portion of action" award in *Rauch*, much of the authority TANI relies on involves much broader "prevailing party" provisions, offering greater express rights to recovery. For example in *Bell*, the attorney's fee provision provided that "[i]n the event that either party may institute legal action for the enforcement of *any* right, obligation, provision or covenant of this Agreement, the *prevailing party* shall be entitled to a reasonable attorney's fee in addition to costs of suit." *Bell*, 228 Mont. at 217, 741 P.2d at 789 (emphasis added). Similarly, in *Wise v. Sebena* (1991), 248 Mont. 32-34, 808 P.2d 494-496, the attorney's fees provision in a buy-sell agreement provided in the event of litigation *concerning the contract*, the *successful party* was entitled to reasonable attorney's fees.

¶34 We therefore disagree with TANI that it should recover all of its fees incurred from

October 13, 1998 to the present. In its own words, TANI argued to the District Court that the "principle which eludes Defendants' grasp . . . is that Plaintiff is *not* claiming attorney's fees for prevailing on it's tort claims; rather Plaintiff is entitled to attorney fees because Defendants' counterclaim for breach of the Release contract failed." It should therefore not elude TANI's grasp that under the clear language of the statute, it is vested with only "the same rights to attorney fees as are expressly provided to a successful plaintiff in the agreement." *Garrison*, 282 Mont. at 521, 938 P.2d at 709-10. Thus, under § 28-3-704, MCA, TANI has the statutory right to recover only those fees incurred in defending against Wellington's breach of contract counterclaim.

¶35 Accordingly, we hold that the District Court erred by concluding that, in regards to awarding attorney's fees, "there was no prevailing party in this case." We hold that TANI prevailed in the underlying breach of contract claim brought by Wellington, and therefore is legally entitled to recover reasonable attorney's fees for its successful defense of that claim pursuant to the parties' contract's indemnification provision and § 28-3-704, MCA.

¶36 The District Court specifically concluded that TANI did not present "any evidence (verified or otherwise) as to the percentage of the $45,000 spent defending the counterclaim." Having concluded that as a matter of law TANI is entitled to reciprocal attorney's fees, it may therefore provide the court with such evidence upon remand. The District Court, however, ultimately has the discretion to determine what constitutes a reasonable amount for such an award. *See Gandy v. Eschler* (1993), 261 Mont. 355, 361, 862 P.2d 1116, 1120.

¶37 In addition, TANI requested its attorney's fees and costs incurred on appeal. TANI directs our attention to the rule that an "award of attorney's fees is proper on appeal where the fees are based on a contract." *Wise*, 248 Mont. at 40, 808 P.2d at 499 (citation omitted); *Chamberlin v. Puckett Const*. (1996), 277 Mont. 198, 210, 921 P.2d 1237, 1244 (citations omitted).

¶38 The rule in *Wise* and *Chamberlin*, however, is shorthand for a more-complete rule found in *Diehl & Associates v. Houtchens* (1979), 180 Mont. 48, 53, 588 P.2d 1014, 1017. In that case we awarded fees on appeal based on a contract that "obviously contemplated that attorney fees on appeal as well as at trial were to be charged." *Diehl*, 180 Mont. at 53, 808 P.2d at 1017. The provision in *Diehl* provided: "In case of suit or action on this contract, I (referring to Houtchens) agree to pay such additional sum as the court, *both trial and appellate*, may adjudge reasonable as plaintiff's attorneys fees." *Diehl*, 180 Mont.

at 51, 808 P.2d at 1016 (emphasis added). Under the same reciprocal fee statute at issue here, we ultimately determined that Houtchens was the prevailing party, and therefore was entitled to recover attorney's fees including those incurred upon appeal.

¶39 We conclude that the contract provision in question here contemplated such an award. It expressly provided that "all liability, claim, loss, damage or expense" paid by one party by reason of "any breach" would be subject to indemnification, including "reasonable attorney's fees." Therefore, we conclude that TANI may recover reasonable attorney's fees incurred on appeal as well.

¶40 This case is reversed and remanded to the District Court for determination of attorney's fees including those accrued by TANI on appeal.

/S/ JAMES C. NELSON

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

1. Recently, in *Norwood v. Service Distributing, Inc.*, 2000 MT 4, ¶ 55-56, 297 Mont. 473, ¶ 55-56, 994 P.2d 25, ¶ 55-56, we held that although a contract which includes an attorney's fees provision may, as a whole, be unenforceable, the prevailing party may nevertheless recover its fees pursuant to the contract provision.