**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2011**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

INTERSTATE POWER SYSTEMS,
INC.,

      Plaintiff/Counter-Defendant-
      Appellee/Cross-Appellant,

v.

DRAKE WATER TECHNOLOGIES,
INC.; DRAKE ENGINEERING, INC.;
RON DRAKE; VIVIAN DRAKE,

      Defendants/Counter-Claimants-
      Appellants/Cross-Appellees.

Nos. 10-8067 & 10-8076
(D.C. No. 2:08-CV-00128-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

In these related appeals, all parties challenge the district court's denial of

attorneys' fees. We have jurisdiction to review the district court's order pursuant

to 28 U.S.C. § 1291. Because the district court applied an incorrect standard in

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases
are therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determining whether the parties were entitled to fees under a contractual indemnification provision, we reverse and remand for further consideration by that court.

## Background

Drake Water Technologies, LLC (DWT) and Interstate Power Systems, Inc. (IPS) entered into a Semi-Exclusive Patent Sub-License Agreement (License Agreement) in September 2007. The subject of the License Agreement was a process for treating byproduct water resulting from coal-bed methane and natural gas mining. The parties refer to this process as the "Drake Process." Ron Drake invented the Drake Process and assigned it to Drake Engineering, Inc. (DEI), which licensed it to DWT. Pursuant to the License Agreement, DWT granted IPS a sub-license allowing IPS to make, use, and sell products incorporating the Drake Process in Wyoming and Montana.

The business relationship between DWT and IPS went sour and the parties ended up in litigation eight months after executing the License Agreement. IPS filed a complaint in district court against DWT, DEI, Ron Drake, and his wife, Vivian Drake (collectively the Drake Parties). IPS's complaint included claims for failure of consideration, breach of contract, breach of warranty, promissory estoppel, misrepresentation, tortious interference with contract, business

defamation, and attorneys' fees.  The Drake Parties filed counterclaims for breach

of contract, injunctive relief, and attorneys' fees.[1]

All parties filed motions for summary judgment.  The district court granted

summary judgment against IPS on its promissory estoppel and

business-defamation claims against all of the Drake Parties, as well as its

breach-of-warranty claims against DEI, Mr. Drake, and Mrs. Drake.  Following

the close of evidence at trial, the court partially granted the Drake Parties' motion

under Fed. R. Civ. P. 50 and dismissed almost all of IPS's remaining claims,

leaving only its breach-of-contract and breach-of-warranty claims against DWT.

Those counts went to the jury as a single claim, along with DWT's

breach-of-contract counterclaim against IPS.  The jury found in favor of both

parties on their respective claims, but declined to award damages to either party.

The district court entered a final judgment on the jury's verdict.  The final

judgment also granted relief to DWT on two of its claims for injunctive relief,

ordering IPS to relinquish title and possession of its license to the Drake Process

and immediately return DWT's confidential information.

---

[1]     Before filing their counterclaims in this action, the Drake Parties filed a separate action asserting the same claims in state court in Montana.  After the district court denied their motions for abstention or change of venue, the Drake Parties dismissed their Montana state-court action.

No party appealed the final judgment. But DWT moved for attorneys' fees, arguing that it was the prevailing party in the litigation. DWT based its claim for fees on the following provision in the License Agreement:

> **12.2 Mutual Indemnification For Acts or Omissions Or Third Party Claims.** Each party agrees to indemnify, hold harmless and defend the other party, its Affiliates, employees and agents, against any and all claims, suits, losses, damages, costs, attorneys fees and expenses resulting from acts or omissions of the other party under this Agreement or with respect to third parties, including, but not limited to, any damages, losses or liabilities whatsoever with respect to death or injury to any person and damage to any property arising from the acts or omissions of the other party.

Aplt. App., Vol. I at 201. In response, IPS also moved for attorneys' fees. Noting that paragraph 12.2 does not use "prevailing party" language, IPS argued that it does not provide for a fee award to the overall prevailing party in an action between the parties. While IPS initially took the position that neither party was entitled to fees under the terms of paragraph 12.2, it ultimately argued that if DWT was entitled to attorneys' fees, IPS should be awarded its fees as well, because the jury found that both parties breached the License Agreement.

The district court first held that Montana substantive contract law applied to the parties' claims for attorneys' fees under the Lease Agreement. After noting the factors relevant to a prevailing-party determination under Montana law, the court concluded that "under the totality of the circumstances and because neither party was awarded damages, the Court finds that there was no 'prevailing party.' As such, costs, expenses, and attorneys fees will not be awarded." Aplt. App.,

Vol. III at 733. The court did not expressly resolve the parties' dispute with respect to the construction of paragraph 12.2, stating instead that "whether Paragraph 12.2 is to be construed as awarding attorney fees to the prevailing party in this matter is of no consequence because this lawsuit ended in a draw." *Id.* at 730.

## Discussion

On appeal, the Drake Parties assert that the district court correctly applied a prevailing-party test to determine which party was entitled to fees under paragraph 12.2. But they argue that the court misapplied the relevant factors under Montana law to conclude that the litigation ended in a draw. The Drake Parties contend that, in order to recover attorneys' fees, a party must establish all of the elements in paragraph 12.2, namely that the other party's acts or omissions under the License Agreement caused it (or its Affiliates, employees, or agents) to incur attorneys' fees. They argue further that the language "resulting from acts or omissions of the other party under this Agreement" is not limited to breaches of the License Agreement, and that DEI, Mr. Drake, and Mrs. Drake may seek indemnification for their attorneys' fees as Affiliates, employees, or agents of DWT. The Drake Parties then go on to assert that a court must analyze which party prevailed *overall* in the litigation, in order to determine entitlement to indemnification for attorneys' fees under paragraph 12.2. The Drake Parties also

seek an award of their attorneys' fees incurred in this appeal, to the extent they prevail.

In response, IPS reiterates the absence of prevailing-party language from paragraph 12.2, contending that the court should not insert a new term into the License Agreement. IPS asserts, "It is not the prevailing party that recovers under the indemnification provision; it is the party who has had to defend against a claim caused by the acts or omissions of the other party which gives rise to a right of indemnification." IPS Principal and Resp. Br. at 17. IPS acknowledges the Drake Parties' may be correct that "acts or omissions," as used in paragraph 12.2, is broader than a breach of the agreement. But IPS responds that indemnification applies only to acts between the parties to the License Agreement; IPS and DWT are the only parties to that agreement; and the jury found that both parties breached the agreement. Therefore, because paragraph 12.2 provides for mutual indemnification, IPS argues that either both parties are entitled to their attorneys' fees resulting from the other party's breach, or neither party is entitled to such an award.

The parties do not challenge on appeal the district court's application of Montana law in determining whether they are entitled to an award of attorneys' fees in this litigation. Montana follows the American Rule, whereby attorneys' fees are not recoverable absent an applicable contractual or statutory provision. *Transaction Network, Inc. v. Wellington Tech., Inc.*, 7 P.3d 409, 413 (Mont.

2000), *abrogated on other grounds by Boyne USA, Inc. v. Lone Moose Meadows, LLC*, 235 P.3d 1269, 1273-74 (Mont. 2010). If a contract provides for an award of attorneys' fees, a court is bound by its terms. *Id.* at 412. Under Montana law, where a contract provides for an award of attorney's fees to the prevailing party in litigation, a court should determine which, if any, party prevailed overall by considering a number of factors such as whether a party prevailed on its claims, whether a party received a money judgment, who precipitated the litigation, whose settlement positions were more reasonable, what claims survived summary judgment, and which counts went to the jury. *See Doig v. Cascaddan*, 935 P.2d 268, 272-73 (Mont. 1997) (listing with approval factors district court considered in making determination under contractual prevailing-party provision). Here, all parties point to paragraph 12.2 as providing for indemnification of attorneys' fees, but they disagree about whether and how that provision applies to the claims in this action. Although the district court expressly declined to do so, it implicitly decided that paragraph 12.2 provides for an award of attorneys' fees to the overall prevailing party. IPS asserts that the district court erred in that determination because paragraph 12.2 does not call for a prevailing-party analysis.[2]

---

[2] The Drake Parties contend that IPS is judicially estopped from asserting that paragraph 12.2 does not provide for an award of attorneys' fees to the prevailing party because IPS's complaint sought attorneys' fees on that basis. But

(continued...)

"We review de novo a district court's application of state law to interpret a contract." *Deer Crest Assocs. I, L.L.C. v. Avalon Deer Valley, L.L.C.*, 566 F.3d 1246, 1248 (10th Cir. 2009). The language of paragraph 12.2 does not expressly provide for an award of fees to the "prevailing party," nor does it otherwise call for a winner-take-all result. As relevant here, paragraph 12.2 sets forth the following elements for an indemnification claim: (1) a "party, its Affiliates, employees [or] agents"; (2) must establish that it incurred "claims, suits, losses, damages, costs, attorneys fees [or] expenses"; (3) "resulting from acts or omissions of the other party under this Agreement."[3] Aplt. App., Vol. I at 201. These elements do not invoke a prevailing-party analysis, requiring a court to setoff the parties' wins and losses and apply the relevant factors to determine which party prevailed overall in the litigation. Paragraph 12.2 does provide for *mutual* indemnification based upon a causation analysis: did a party's attorneys' fees result from an act or omission of the other party under the License Agreement?[4] *See Transaction Network*, 7 P.3d at 413 (holding indemnification

---

[2](...continued)
IPS's initial legal position is not a basis for judicial estoppel. *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (noting "the position to be estopped must generally be one of fact rather than of law or legal theory").

[3]     The parties do not contend they are entitled to attorneys' fees as a result of the other party's acts or omissions with respect to third parties, which is the alternative basis provided for in paragraph 12.2.

[4]     There is a potential ambiguity in the language that neither party addresses.
(continued...)

-8-

provision providing for recovery of attorneys' fees incurred "by reason of any breach" did "not require that in the event *any* litigation arose the *prevailing party* would be entitled to indemnification for its attorney's fees").

Accordingly, we conclude that the district court erred in denying attorneys' fees on the basis that there was no overall prevailing party in this case. The court instead should have analyzed whether the parties satisfied the elements for indemnification under paragraph 12.2 with respect to the attorneys' fees they incurred in connection with the various claims and counterclaims in this case. *See Transaction Network*, 7 P.3d at 413; *Garrison v. Averill*, 938 P.2d 702, 709-10 (Mont. 1997) (determining types of actions covered by contractual attorneys' fees provisions). This assessment would appear to require construction of the meaning and scope of "acts or omissions of the other party under this Agreement" as that language relates to the claims asserted in this action. With respect to IPS's and DWT's breach-of-contract claims, the parties appear to

---

[4](...continued)
Paragraph 12.2 provides: "*Each party* agrees to indemnify, hold harmless and defend *the other party* . . . against any and all claims . . . resulting from acts or omissions of *the other party* under this Agreement." Aplt. App., Vol. I at 201 (emphasis added). Read literally, the clause appears to require the first party to indemnify the second party for the second party's own acts or omissions. *See Amazi v. Atlantic Richfield Co.*, 816 P.2d 431, 434 (Mont. 1991) (holding indemnification provision allowed party to recover attorneys' fees incurred in defending a claim of that party's own negligence). But here DWT and IPS seem to agree that the second use of "the other party" in paragraph 12.2 refers to the acts or omissions of the first, indemnifying party.

concur that a breach of the Lease Agreement is an "act or omission under" that agreement. But they dispute whether the other claims asserted in this action involved acts or omissions under the Lease Agreement, as well as whether the non-parties to the Lease Agreement have an indemnification claim under paragraph 12.2.[5] And to the extent a party satisfies the causation element of paragraph 12.2 with respect to its fees incurred in connection with a particular claim, it will necessarily have to establish the amount of its fees attributable to that claim, which will require a meaningful segregation and allocation of the attorney time expended in this matter.

Although we express no opinion with respect to the appropriate final determination regarding an award of fees to any party, the district court may find its assessment under the terms of paragraph 12.2 ultimately leads it to the same conclusion it previously reached, albeit by a different path. If the bulk of the fees were expended in prosecuting the successful contract claims—a determination which remains to be made—the fee awards may offset each other, leaving neither party with a net recovery.[6]

---

[5] Aside from the question whether DEI, Mr. Drake, and Mrs. Drake have a right to indemnification under paragraph 12.2, we note that it is unclear from the record on appeal whether any of these parties moved for attorneys' fees. The record contains only DWT's brief in support of its motion for fees.

[6] This is especially true in that the district court likely has some discretion under Montana law as to the amount of attorneys' fees to be awarded to a party who has established a contractual entitlement to such an award. *See DiMarzio v.*

-10-

In light of the foregoing analysis, we deny the Drake Parties' motion for attorneys' fees on appeal. They premised their motion on the contention that paragraph 12.2 provides for an award of attorneys' fees based upon a prevailing-party analysis. We have held otherwise, and the Drake Parties fail to support a claim for appellate attorneys' fees under the terms of paragraph 12.2.[7]

## Conclusion

The judgment of the district court is REVERSED and REMANDED to the district court for further proceedings consistent with this order and judgment. The Drake Parties' motion for attorneys' fees on appeal is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[6](...continued)
*Crazy Mountain Constr., Inc.*, 243 P.3d 718, 724-725 (Mont. 2010) (holding trial court did not abuse discretion in awarding only portion of attorneys' fees sought by party entitled to fees under the contract, based on the circumstances in that case).

[7]     We note that the Montana Supreme Court has "adopt[ed] the majority rule that absent an express contractual term an indemnitee may not recover attorneys' fees incurred in establishing indemnity." *Amazi v. Atlantic Richfield Co.*, 816 P.2d 431, 435 (Mont. 1991).