FILED

August 18 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0004

DA 15-0004

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 248N

DANIEL SCOTT COX,

      Plaintiff and Appellant,

  v.

SARA KAE COX,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-13-874
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert C. Myers, Montana Resource and Asset Protection, P.C., Hamilton, Montana

      For Appellee:

          Matthew J. Cuffe, Amy M. Scott Smith, Worden Thane P.C., Missoula, Montana

Submitted on Briefs:  July 8, 2015
Decided:  August 18, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Daniel Cox (Daniel) appeals from an order of the Fourth Judicial District Court, Missoula County, granting summary judgment to Sara Cox (Sara) concluding Sara did not breach the terms of a Promissory Note (Note). The District Court subsequently awarded Sara her attorney fees and costs as a prevailing party and pursuant to the provisions of the Note. We affirm the District Court's grant of summary judgment to Sara and the District Court's judgment of attorney fees and costs to Sara. We additionally grant Sara her attorney fees and costs on appeal and remand for a determination of that amount by the District Court.

¶3 As part of their divorce, Daniel sold Sara his shares in their company Coxlures, Inc. (now Halo Heaven, Inc.) for $2,040,000. On February 23, 2010, Sara executed and delivered to Daniel a Note in the amount of $2,020,000 to be paid to Daniel in monthly installments of $5,000.00 on the first day of each month until the principal was paid. Sara secured the Note with 17,500 shares of stock Daniel had sold her and the parties placed into escrow a stock certificate evidencing these shares. Daniel has received and accepted, without objection, monthly principal payments from Sara since March 2010.

¶4 On August 5, 2013, Daniel filed a complaint alleging Sara had breached an express term of the Note by making six untimely payments to the escrow account in 2012. (The

2

payments were those for January, March, April, May, July, and August 2012.) The record indicates that Farmers State Bank, the escrow servicer, was closed on January 1, April 1, and July 1, 2012 for either a holiday or a Sunday and that the payments were received by Farmers State Bank on the next business day. The March, May, and August payments were made within 24-48 hours of the due date. Daniel does not dispute that he has received every monthly installment payment from Sara, in the amount of $5,000, and that he has never objected to the timing of the payment or returned a payment to Sara.

¶5 Sara filed an Answer on January 27, 2014, in which she pled entitlement to attorney fees and other defenses. On March 14, Sara filed a Motion for Summary Judgment arguing that three of the six payments were timely made and that Daniel, having received payment in full, has suffered no damages as a result of any alleged untimeliness of the remaining three payments. Further, Sara argued Daniel waived any objection to timeliness by his acceptance of the payment. Sara again asked the court to award attorney fees and costs. Daniel did not file an opposition brief and did not respond to Sara's request for attorney fees and costs. Instead, Daniel filed a "Motion for Continuance of Summary Judgment," dated April 10, 2014. The court conducted a summary judgment hearing on May 29, 2014, in which Daniel and his attorney participated. On July 1, 2014, the district court granted Sara's Motion for Summary Judgment and denied Daniel's Motion for Continuance of Summary Judgment. On July 8th, the court entered its Final Judgment and Order dismissing Daniel's complaint and awarding Sara attorney fees per the terms of the Note. The court ordered supplemental attorney fees on December 5, 2014.

¶6     We review a district court's decision on a motion for summary judgment de novo, using the same criteria as the district court under M. R. Civ. P. 56. *Hansen v. Bozeman Police Dep't*, 2015 MT 143, ¶ 12, 379 Mont. 284, 287, 350 P.3d 372.

¶7     Under §§ 1-1-307 and 28-3-603, MCA, payments due on a holiday or Sunday, "may be performed on the next business day with the same effect as if it had been performed upon the day appointed." Section 28-3-603, MCA. The payments due January 1, April 1, and July 1, 2012, fell on Sundays or a holiday and, therefore, payments made on those dates must be considered timely.

¶8     With respect to the remaining three payments, which were made one or two days late, it is undisputed that Daniel accepted the payments and made no objection until over a year later when this lawsuit was filed. A party waives his right to later object to the timeliness of payments when he failed to specify the objection at the time of tender. Section 28-1-1112, MCA. When Daniel failed to object to any untimeliness at the time Sara tendered her payments, he waived any right to claim default. Therefore, Daniel is not entitled to an acceleration of the balance for those late payments he accepted. As the undisputed facts in the record show that Sara made the required payments under the Note, that she continued to make monthly payments after Daniel filed his complaint, and that Daniel has accepted each monthly payment without objection, Sara was entitled to judgment as a matter of law. We also observe that Daniel's argument Sara waived any and all statutory defenses pursuant to the terms of the Note has been asserted for the first time on appeal. Daniel's argument pertaining to waiver was not presented to the District Court and may not be presented here

4

for consideration. *Estate of Donald v. Kalispell Reg'l Med. Ctr.*, 2011 MT 166, ¶ 44, 361 Mont. 179, 258 P.3d 395.

¶9 The second issue on appeal is whether the court abused its discretion by awarding Sara attorney fees and costs. We review a decision on a request for an award of attorney fees for an abuse of discretion unless a contract requires an award of fees. *Wittich Law Firm, P.C. v. O'Connell*, 2013 MT 122, ¶ 15, 370 Mont. 103, 304 P.3d 375. In such a case, we review a district court's construction and interpretation of a contract de novo. *In re Szafryk*, 2010 MT 90, ¶ 19, 356 Mont. 141, 232 P.3d 361. Furthermore, when there is a contractual provision providing attorney fees, the right created is reciprocal. Section 28-3-704, MCA. We have also stated that when there is a non-breaching prevailing party, Montana's reciprocal fees statute supplements the contractual provision and entitles the alleged breaching party to attorney fees if she successfully defends the breach of contract action. *Transaction Network v. Wellington Techs.*, 2000 MT 223, ¶ 25, 301 Mont. 212, 7 P.3d 409.

¶10 First, we observe that Daniel's objections to attorney fees is untimely. Daniel's opportunity for responding to Sara's request for fees was to file a reply to Sara's motion for summary judgment or to object at the hearing. Daniel did neither. Nevertheless, the Note, signed by the parties in this case, clearly states the following regarding an award of attorney fees:

> In the event that this note is placed in the hands of any attorney for collection or to foreclose any security therefore, the makers hereof and endorsers hereon, jointly and severally, agree to pay reasonable attorneys fees not in excess of 10% of the unpaid debt after default.

5

¶11 This note was placed in the hands of an attorney and judgment was found in favor of Sara, the alleged breaching party. It is, therefore, proper that the District Court award Sara her attorney fees, including supplemental attorney fees assessed December 5, 2013, under the Note.

¶12 As we held in *Boyne USA, Inc. v. Lone Moose Meadows, LLC*, an appeal is another step in litigation and it is presumed that an award of attorney fees would include fees on appeal. *Boyne USA, Inc. v. Lone Moose Meadows, LLC*, 2010 MT 133, ¶ 26, 356 Mont. 408, 235 P.3d 1269. Pursuant to Mont. R. App. P. 13(3)(a), a prevailing party is entitled to costs on appeal. Daniel does not argue that the amount of attorney fees awarded is unreasonable. We therefore conclude that Sara is entitled to attorney fees and costs of her appeal and remand for a determination by the District Court of those amounts.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude that the Appellant has not met his burden of persuasion. The District Court's interpretation and application of the law regarding the contractual obligation for costs and fees were correct. The District Court's ruling was not an abuse of discretion.

¶14 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT